| 115 | 305 |
| 19 SC | 431 |
| d 20 SC | 607 |
| e 20 SC | 608 |
| 115 | 305 |
| f 23 SC | 446 |
| 115 | 305 |
| f 209 | 172 |
| e 25 SC | 35 |
| f 25 SC | 36 |

# Maneely, Trustee, *versus* Knights of Birmingham of Pennsylvania.

A. became a member of the Knights of Birmingham, a corporation, the charter of which sets forth its object to be, " the maintenance of a society for the purpose of benefiting and aiding the widows and orphans of deceased members." It was provided in one of the by-laws, that the sum payable by the corporation, at the death of a member, " should be paid to such person or persons as the deceased might have designated to receive the same on the books of the lodge of which he was a member." A. borrowed the amount of money, which the corporation would be liable to pay, at his death, from his sister B, who also paid his dues in the corporation, and he designated her on the books of the lodge as the person to whom payment should be made by the corporation. At the death of A. the amount due from the corporation was claimed by B., and also by the widow and children of A. *Held*, reversing the court below, that the amount due from the corporation must be paid to B. ; that there is no prohibitory or restrictive language excluding, from the power of the corporation, the right to contract especially with the member, for the payment of benefits to other persons than his widow and orphans. Nor is such a contract to be held void, by reason of any necessary implication from the language of the charter.

January 27th, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county* : Of January Term, 1887, No. 87.

Case by William M. Maneely, trustee for Mary A. Lamon against the Knights of Birmingham of Pennsylvania.

The following facts were agreed upon by the parties and filed in the case, in the nature of a case stated :

The defendant is a corporation duly chartered under the Act of Assembly, approved the twenty-ninth day of April, A. D. 1874, and the supplements and amendments thereto. By section 5 of its charter, membership is limited to Master Masons in good standing in the fraternity of Free Masons.

The second section of the charter of the defendant is as follows :— " The purposes of this corporation shall be the maintenance of a society for the purpose of benefiting and aiding the widows and orphans of deceased members." This object is repeated in the first article of the constitution.

By section 1, of article 19, of its constitution, it is provided that the sum of one thousand dollars " shall be paid to such person or persons as the deceased may have designated to receive the same, as appears on the books of the lodge of which he is a member; if no designation has been made, then to his·

5 AMERMAN—20

widow; if no widow survives, then to his child or children; in default of the foregoing, then to the mother of the deceased or other legal heirs, and in case there is no widow, children, mother, or legal heirs, the lodge may appropriate toward the expenses of the last sickness and funeral of the deceased the amount not to exceed the sum to which such recipient would have been entitled."

On October 17th, 1878, Joseph M. Maneely became a member of the corporation, to wit: Kensington Lodge, No. 5, of the Knights of Birmingham, of Pennsylvania, and subsequently, on July 24th, 1884, he died, being at that time a member of the Masonic Order, and of the corporation defendant in good standing.

The said Joseph M. Maneely, on the seventh day of February, A. D. 1881, desiring to borrow from his sister, Mary A. Lamon (on whose behalf this suit is brought by her trustee), the said sum of one thousand dollars, agreed to assign to her as security therefor, all his estate, right, title and interest in and to the said sum of one thousand dollars, to which his legal representatives would become entitled upon his decease, from the said corporation defendant, and for the purpose of ascertaining whether said security would be sufficient, the said Mary A. Lamon sent her agent and trustee, the said William H. Maneely, to the secretary of the said subordinate lodge of the corporation defendant, one Ebenezer Cobb, to ascertain whether such an assignment could be made for her protection, whereupon the said secretary of the said corporation defendant, being apprised of all the facts aforesaid, and also of the fact that the said Joseph M. Maneely had then a wife and children living, answered the said plaintiff that if the said Joseph M. Maneely would designate the said Mary A. Lamon as the person entitled to receive the said sum of one thousand dollars, in accordance with article 19, of the said constitution, then the said benefit would be paid as designated to the said Mary A. Lamon, whereupon the said Mary A. Lamon by the said William H. Maneely, her trustee, loaned to the said Joseph M. Maneely the sum of one thousand dollars, and the said Joseph M. Maneely, in accordance with said article 19, of the constitution, made and executed upon page 8, of a book authorized by the said corporation defendant for the purpose, the following designation, to wit:—

I, Joseph M. Maneely, being a member of Kensington Lodge, No. 5, K. of B., do hereby authorize and direct the payments allowed to me by the constitution and by-laws of the grand lodge, thereof, to be made to William H. Maneely, trustee for Mary A. Lemen, and upon such payment being made, I, for

myself, my heirs, administrators and assigns, hereby release said grand lodge from any liability or claim whatever.

Witness my hand and seal this eighth day of February, 1881.

JOSEPH M. MANEELY. [L. S.]

LOUIS D. BELAIR. [L. S.]

EBENEZER COBB. [L. S.]

And said assignment and designation was witnessed by the said Ebenezer Cobb, as the secretary of said subordinate lodge of the said corporation defendant. The person therein named as " Mary A. Lemen, " being the said Mary A. Lamon.

Subsequently the said Joseph M. Maneely became ill, and after so continuing for five months he died.

The said sum of one thousand dollars loaned as aforesaid is still due and owing to the plaintiff by the said Joseph M. Maneely.

During the five months mentioned, in order that Joseph M. Maneely should not fall in arrears in the payments which he was required to make to the corporation defendant, and in order to be entitled to the one thousand dollars aforesaid upon his decease, the said Mary A. Lamon paid his dues to the St. Paul's Lodge, No. 481, of the Masonic fraternity, of which he was a member, amounting to thirteen dollars, and also paid his dues and assessments to the said subordinate lodge of the corporation defendant in the following sums, and upon the following dates, to wit, February 21st, 1884, seven dollars, March 20th, 1884, one dollar, April 17th, 1884, two dollars, May 5th, 1884, one dollar, June 19th, 1884, one dollar, July 17th, 1884, one dollar, whereby the said Joseph M. Maneely remained, up to the time of his death, a member in good standing of the said corporation defendant, and the said corporation defendant upon his death became bound to pay the sum of one thousand dollars.

Upon the death of the said Joseph M. Maneely, the said plaintiff made demand of the said corporation defendant for the payment of the said sum, of one thousand dollars, in accordance with the said designation on its said books, which payment was refused.

The said Joseph M. Maneely left surviving him a widow, Caroline, and four minor children, to wit: Joseph L., aged 16 (born of a former marriage), Sarah, aged 17, Samuel, aged 10, and Martha, aged 8, children of said Caroline, and his said widow, Caroline, also made demand of the corporation defendant for the payment of the said sum, claiming that as widow she was entitled thereto, notwithstanding said designation, which payment was also refused.

Defendant is, however, ready and willing to pay the said sum to the person legally entitled to receive the same.

[Maneely *v.* Knights of Birmingham of Pennsylvania.]

If, upon these facts, the court be of opinion that the said plaintiff is entitled *in law* to receive the said sum, then judgment to be entered in favor of the plaintiff, as against the corporation defendant, in the amount of one thousand dollars with interest from the twenty-fourth day of July, 1884. But if the court should be of opinion that the said plaintiff is not entitled to receive said sum, and that the said Caroline Maneely is entitled to receive the same, then judgment to be entered in favor of the said Caroline Maneely against the corporation defendant, for the said sum with interest as aforesaid.

The court entered judgment for the defendant, whereupon the plaintiff took this writ assigning for error the action of the court in entering judgment for the defendant.

*Rufus E. Shapley (Ellis Ames Ballard* with him,) for plaintiff in error.—This case is ruled by Supplee *v.* Knights of Birmingham, 18 W. N. C., 280.

As the decision of the lower court is in direct conflict with the ruling of this court on this point, in the above cited case any further argument would seem out of place, except to suggest that the section of the corporation Act of 1874, under which this charter was granted, provides that charters may be granted for the "maintenance of a society for beneficial or protective purposes to its members from funds collected therein." The constitution was, therefore, in accordance with the Act under which the association was incorporated, and it was only the restriction (if there was one) in the articles of association which the lower court supposed to limit benefits to widows and orphans, that is not in harmony with the Act. Besides, the view of the lower court would preclude unmarried men from the benefits of such associations.

*John S. McKinlay,* for defendant in error.—The defendants in error in this cause are really but stakeholders.

Under the power conferred by the Act of Assembly of March 11th, 1836, in regard to interpleading, upon the District Court of Philadelphia county, and by further legislation, upon the Courts of Common Pleas of said county, it seems apparent that the court below could have treated the case stated as an interpleader between Mrs. Caroline Maneely and the plaintiff in error, and by their order have made her a party to the suit, after her voluntary appearance as a party to the case stated, if that did not of itself have that effect.

Mr Justice GREEN delivered the opinion of the court March 28th, 1887.

It is not, and of course cannot, be questioned that, under

the nineteenth article of the defendant's constitution, the contract in question in this case imposed a legal obligation upon the defendant to pay the money in controversy to the present plaintiff. The contract was made and performed, by the deceased and this plaintiff, in strict conformity with all the requirements of the constitution and by-laws of the defendant, and the defendant is willing to pay the money called for by the contract, but wishes to be protected against a possible wrong payment and, for that purpose only, makes defence. The learned court below was of opinion that there was a fatal conflict between the charter and the constitution in respect of the persons who may receive benefits from the defendant company, and for that reason alone refused judgment to the plaintiff. The second section of the charter upon which this conclusion is based is in the following words:

" The purposes of this corporation shall be the maintenance of a society for the purpose of benefiting and aiding the widows and orphans of deceased members."

Construing these words, the learned court below held that it was not within the power of the defendant to stipulate for the payment of the benefits to any person, other than the widow and orphans, who might be designated as the recipient by the deceased under article nineteenth of the constitution. We think this is too narrow and strained a view to take of the second section of the charter quoted above. While it is true that the general purpose of the corporation is there stated to be the maintenance of a society for benefiting and aiding widows and orphans of deceased members, it must be observed that this is only the statement of a general purpose. It is only the recital of an object sought to be accomplished, and which doubtless is accomplished in the great majority of cases, even though in exceptional cases the benefits may, by special contract, be paid to other persons than the widow or orphans. There is no prohibitory or restrictive language excluding from the powers of the corporation the right to contract specially with the member for the payment of benefits to other persons than his widow or orphans. Nor is such a contract to be held void by reason of any necessary implication from the language of the charter. For the widow and orphans may be much benefited, and in many ways, by a contract designating another beneficiary, as, for instance, if the member, in his lifetime, desiring to establish a home for his wife and children which they might hold after his death, borrowed money for that purpose, and so used it, and, to secure the loan, designated the lender as the beneficiary of his membership, certainly his widow and orphans would be most materially benefited by such an arrangement. Or if, having a home, he met with disaster and was about to

lose it by a judicial sale, and should save it by a similar provision, his widow and orphans would be thereby benefited. Or if, having property and also debts, but not to the point of insolvency, he could borrow money by means of a membership with such an association, and he should become a member for that very purpose, the creditor possibly paying the dues, and he could to that extent diminish his indebtedness during his life, and thus leave that much more of his property to his widow and orphans, undoubtedly they would be thereby benefited. Or he might borrow the money and give it directly to his wife or children during his life, pledging his membership to the lender as above, and then also they would receive the full advantage of the transaction without waiting until his death. Many more illustrations of a similar character might easily be suggested, but it is unnecessary. They all prove the same proposition, to wit, that it is entirely possible to benefit the widow or orphans by means of such a membership, though neither of them is the designated beneficiary, and hence there is no necessary conflict between the second section of the charter and the nineteenth article of the constitution.

But again the member may be unmarried, or he may have become a widower and without children during his life, though at the time his membership commenced he may have had both a wife and children. Surely, in such a case, it would not be contended that the company could resist payment if the action were brought by an administrator, even though the money was needed only for the payment of debts, or if brought by a designated beneficiary, who had loaned money on the faith of the membership. Further discussion does not seem to be required. We are of opinion the plaintiff is entitled to judgment in the case stated.

> Judgment reversed, and judgment is now entered in favor of the plaintiff, and against the defendant, for the sum of $1,000, with interest from the 24th day of July, A. D. 1884, and costs.