## Menovsky *v.* Menovsky, Appellant.

*Beneficial associations—Appointment of beneficiary—Brother.*

Where the by-laws of a beneficial association state that the purpose of the association is "to assist the families of the deceased by paying them the death benefits," and gives to every member "the right to leave his death benefit to whomsoever he desires," a member may appoint his brother, and the brother will be entitled to the death benefit, although the member may leave to survive him a wife and children.    The designation of the brother is not prohibited by section 1 of the Act of April 6, 1893,

P. L. 7, which restricts the choice to " the families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member."

Argued Jan. 14, 1902.   Appeal, No. 43, Jan. T., 1902, by defendants, from judgment of C. P. Luzerne Co., Oct. T., 1900, No. 397, on verdict for plaintiff, in case of Joseph Menovsky v. Mary Menovsky et al.   Before RICE, P. J., BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Feigned issue to determine the ownership of a fund paid into court.   Before FERRIS, J.

The jury returned a verdict for plaintiff for $450 subject to a question of law reserved.   On a motion for judgment non obstante veredicto, FERRIS, J., filed the following opinion :

The trial in the case now before us was upon a feigned issue to determine the ownership of the sum of $600 paid into court by the National Slavonic Society of the United States of America.

The material facts as disclosed by the evidence are as follows :

1. The society above named was incorporated in Allegheny county in this state on December 21, 1894, under our act of April 29, 1874, for the purpose, inter alia, " of helping the people of the Slavonian race . . . . in distress, sickness and death . . . . and to adopt a constitution and by-laws for the government of the said society, assemblies, schools and lectures not conflicting with the constitution and laws of the common-wealth of Pennsylvania or the provisions of this charter," etc.

2. Pursuant to the powers granted in its charter the society, in May, 1899, adopted a set of general so-called " by-laws of the supreme assembly," for the government of the society at large, which for convenience we shall refer to as the " constitu-tion," and also a distinct set for the government of " subor-dinate assemblies," which will be referred to as the " by-laws."

3. Section 97 of article 13 of the constitution reads as follows : " Section 97. The heirs of a deceased member who shall have conformed with the society's and assembly's by-laws shall receive from the National Slavonic Society $600 as death bene-fits."

4. Section 115 of article 16 of the constitution reads as follows: "Section 115. All the assemblies without exception are subject to the by-laws of the supreme assembly, the by-laws of the subordinate assemblies of the N. S. S."

5. Section 1 of article 1 of the by-laws reads in part as follows: "Section 1. The objects of the assemblies shall be: '(*a*) The support of its members in case of sickness, casualty, and to assist the families of the deceased by paying them the death benefits.'" The article of the "by-laws" which is entitled "object of assemblies" contains no other statement in relation to the payment of death benefits.

6. Section 30 of article 5 of the "by-laws" reads as follows: "Section 30. After the decease of a member, who has conformed to the by-laws of the N. S. S., and after presentation of the official death certificate, as well as the certificate of the assembly, his beneficiary, named in the will of said member, shall receive from the N. S. S. $600 benefit. In case that he has left no will then his benefit shall be paid to him or to them who are his legal heirs."

7. Section 33 of article 5 of the "by-laws" reads as follows: "Section 33. Every member shall have the right to leave his death benefit to whomsoever he desires. Should he leave no will his legal heirs shall receive it. A member upon his admission to an assembly shall make two wills, one for the supreme assembly and the other for the assembly to which he has been admitted. The legal heirs are such as designated by the laws of the state where the deceased resided at the time of his death."

8. John Menovsky having been for fourteen years and still being a member of this society, on October 18, 1899, executed in duplicate a designation wherein he directed that of his death benefit $450 should be paid to his brother Joseph Menovsky, the plaintiff in this issue, and made no disposition of the remaining $150, but stated that his funeral expenses should not exceed that sum. Both copies of this designation were delivered to the society, one to the general assembly and one to the subordinate assembly. At this time, and also at the date of his death, John Menovsky had a wife and five children living. It would seem that he with his wife and some, if not all, of his children had, prior to September, 1899, been living to-

gether in Plymouth in this county; but on September 9, 1899, the family as a household was broken up, the wife and children moving into another house in the neighborhood and John Menovsky, Sr., remaining alone upon the premises they had formerly occupied. The family was never reunited; but, soon after the separation, Joseph Menovsky, the plaintiff, came to Plymouth with his family and, with John Menovsky, occupied the premises where the latter had been living. This was the state of affairs on October 18, 1899, when the designation of the brother as beneficiary was executed. The two brothers afterwards went to Bridgeport, Conn., where John Menovsky died on May 9, 1900.

These facts, being established by evidence not open to reasonable doubt as to its credibility, and being undisputed, it became the duty of the court to direct a verdict, and clearly entitled the plaintiff to recover as to $450, if under the law the designation of the plaintiff by his deceased brother as the latter's beneficiary were valid. The court so instructed the jury and directed them to find for the plaintiff for $450, and for the defendants for $150, subject to the reserved point whether there was any evidence in the case under which the plaintiff would be entitled to recover anything.

By virtue of his membership in the National Slavonic Society John Menovsky, Sr., acquired the right to name a beneficiary to whom death benefits should be paid. This was a contractual right and became vested in him when he joined the society fourteen years before his death: Thomeuf v. Knights of Birmingham, 12 Pa. Superior Ct. 195, 201. The reciprocal obligation of the society, as set forth in section 33, article 5 of the "by-laws," was to pay the death benefit to "whomsoever" the member should designate as beneficiary, save only as such designation was restricted by law or by the charter, constitution and by-laws of the society. Section 1 of the act of April 6, 1893, restricts such choice to "the families, heirs, blood relatives, affianced husband or affianced wife of or to persons dependent upon the member." It is obvious that the designation of a brother is not prohibited by this statute.

It is earnestly and ably argued, however, by counsel for defendants that the constitution and by-laws of the society restrict such designation to a person or persons of the immediate family

of the deceased, or to such as would be his "heirs" as to personalty in case of intestacy.

We are unable to accept that view. In Maneely v. Knights of Birmingham, 115 Pa. 305, the second section of the defendants' charter was as follows: "The purposes of this corporation shall be the maintenance of a society for the purpose of benefiting and aiding the widows and orphans of deceased members." This object was repeated in the 1st article of the constitution. By section 1 of article 19 of the constitution it was further provided that the sum of $1,000 "shall be paid to such person or persons as the deceased may have designated to receive the same," etc. A member designated one who was neither widow nor orphan. Upon suit by the beneficiary, the court below refused judgment on the ground of a supposed fatal conflict between the above quoted provisions of the charter and the constitution of the defendant society.

Mr. Justice Green, in reversing, said: "The learned court below held that it was not within the power of the defendant to stipulate for the payment of the benefits to any person other than the widow and orphans who might be designated under article 19 of the constitution. We think this is too narrow and strained a view to take of the 2d section of the charter quoted above. While it is true that the general purpose of the corporation is there stated to be the maintenance of a society for benefiting and aiding widows and orphans of deceased members, it must be observed that this is only the statement of a general purpose. It is only the recital of an object sought to be accomplished, and which doubtless is accomplished in the great majority of cases, even though in exceptional cases the benefits may, by special contract be paid to other persons than the widow and orphans. There is no prohibitory restrictive language excluding from the powers of the corporation the right to contract specially with the member for the payment of benefits to other persons than his widow and orphans."

The rule in Pennsylvania (as stated by Judge McMichael in Jacobs v. Most Excellent Assembly Artisans Order of Mutual Protection, 9 Pa. Dist. Rep. 54) "seems to be that, unless the words of the charter are clearly prohibitive or restrictive, the contract must be carried out as it was made."

In the case at bar we are left in the dark, as far as the evidence

is concerned, as to what were the provisions of the constitution and by-laws of the society in question, in force when John Menovsky, Sr., became a member and when (as held in Thomeuf v. Knights of Birmingham, supra) his contractual right to appoint a beneficiary accrued. The case has proceeded, however, upon the theory and we think it may be fairly treated as conceded by both parties, that their rights are to be considered and adjudicated on the assumption that the constitution and by-laws in force when the deceased became a member were either the same as those adopted in 1899 and offered in evidence, or (as argued by defendants' counsel in commenting upon Bodnarik v. National Slavonic Society, 6 Pa. Dist. Rep. 449), that the earlier constitution and by-laws stated the object of the society to be "to assist the families of the deceased" omitting the words "by paying them the death benefits." In either case there is no "prohibitory or restrictive language" excluding from the powers of the corporation the right to contract to pay death benefits to "whomsoever" the member should designate to receive them.

As the applicability of the act of 1893, is not here in question, we conclude that the designation of the plaintiff as the beneficiary to whom death benefits to the extent of $450 should be paid, was valid.

The motion for judgment non obstante is, therefore, denied and judgment is directed to be entered on the verdict.

*Error assigned* was in entering judgment on the verdict.

John H. Williams and John Menovsky, for appellants.—The appointed beneficiary must belong to the class or classes of persons selected by the society, in its charter, constitution and by-laws, as eligible beneficiaries of the death benefit fund: Northwestern Masonic Aid Assn. v. Jones, 154 Pa. 99; Fischer v. American Legion of Honor, 168 Pa. 279; Hamilton v. Royal Arcanum, 189 Pa. 273; Baldwin v. Begley, 185 Ill. 180.

A beneficial society incorporated since the passage of the Act of April 6, 1893, P. L. 7, in the selection of its class or classes of beneficiaries, is restricted to the class specified in the said act, section 1: Supreme Council American Legion of Honor v. Smith, 45 N. J. Eq. 466; Alexander v. Parker, 144 Ill. 355; Palmer v. Welch, 132 Ill. 141; 1 Bacon on Benefit Societies, sec. 244, p. 453.

In construing the term "family" the cases unite upon this test—that there must be an obligation upon the head of the house to support the others, or some of them, and a corresponding state of dependence on the part of the member so supported: 1 Bacon on Benefit Societies, sec. 256, p. 491; Henkel's Estate, 13 Pa. Superior Ct. 337.

Brother was held not a member of "family," in Supreme Council American Legion of Honor v. Smith, 45 N. J. Eq. 466, at p. 468.

Same conclusion was reached in Benevolent Legion v. McGinness, 59 Ohio, 531.

Sister not of "family:" Tyler v. Odd Fellows, Mutual Relief Assn., 145 Mass. 135, at p. 136.

Father not of "family": Knights of Columbus v. Rowe, 70 Conn. 545.

*A. Salsburg,* with him *Charles B. Lenahan,* for appellee.—The rule in Pennsylvania "seems to be that unless the words of the charter are clearly prohibitory or restrictive, the contract must be carried out as it was made:" Folmer's Appeal, 87 Pa. 135; Maneeley v. Knights of Birmingham, 115 Pa. 305; Mulderick v. United Workmen, 155 Pa. 506; Death Benefit Fund, K. G. E., Liberty Castle, K. G. E., 5 Pa. Dist. Rep. 385; Bodnarik v. National Salvonic Society, 6 Pa. Dist. Rep. 449; Jacobs v. Most Excellent Assembly Artisians Order of Mutual Protection, 9 Pa. Dist. Rep. 54.

PER CURIAM, February 14, 1902:

The able arguments of the defendant's counsel have failed to convince us that the court erred in the instructions given to the jury or in entering judgment on the verdict. Our conclusions are, that the designation of a brother as beneficiary is not prohibited by the act of 1893; that neither the constitution nor the by-laws of the association contains prohibitory restrictive language clearly excluding from the powers of the corporation the right to contract with the member for the payment of benefits to the beneficiary named in this case; and that such contract cannot be held void by reason of any necessary implication from the language of the charter. The reasons given and authorities cited by the learned trial judge in his

opinion filed in overruling the motion for judgment non obstante veredicto fully sustain the foregoing conclusions, and further discussion by us is unnecessary.

Judgment affirmed.