## Donithen, Appellant, *v.* Independent Order of Foresters.

*Beneficial associations—Beneficiaries—Brother—Widow.*

Where the charter of a beneficial association declares as one of the objects of the corporation the payment to the " widow, orphans, dependents or other beneficiary " whom the member has designated as objects of the beneficiary fund, and the constitution states one of the objects of the order to be the payment " to the member, or his wife, or his affianced wife, or his children, or his blood relations, or to persons dependent upon the member whom he may have designated," a brother who has been designated as beneficiary is entitled to death benefits, although the member had a wife living both at the time he joined the association and when he died.

*Trusts and trustees—Parol trust—Evidence.*

Parol trusts are not favorites of the law, and clear, precise and explicit evidence is necessary to establish such a trust.

Argued May 20, 1903.   Appeal, No. 127, Oct. T., 1902, by plaintiff, from decree of C. P. Blair Co., Equity Docket " B, " No. 300, dismissing bill in equity in case of Ella Donithen v. Independent Order of Foresters and Lloyd Donithen.   Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Interpleader bill to determine ownership of money paid to the court.   Before BELL, J. P.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*Thomas H. Greevy* and *A. S. Fisher*, for appellant.— The designation of a beneficiary by a member of a benefit society is an act testamentary in its character, and the same rules of construction apply as in the case of other testamentary writings :  Continental Life Insurance Company v. Palmer, 42 Conn. 60;  Union Mutual Association v. Montgomery, 70 Mich. 587 (38 N. W. Repr. 588) ;  Burst v. Weisenborn, 1 Pa. Superior Ct. 276.

By the use in the constitution of a benefit society of the words, " and their families," in declaring the purpose of the beneficiary department of the society to be to provide relief for members and their families in case of death or total disability, it meant such persons as habitually reside under one roof and form one domestic circle, or such as are dependent upon each other for support, or among whom there is a legal or equitable obligation to provide support :  Hoffman v. Grand Lodge B. L. F., 73 Mo. App. 47 ;  West v. Grand Lodge, 14 Tex. Civ. App. 471 (37 S. W. Repr. 966) ; Offill v. Supreme Lodge, 46 S. W. Repr. (Tenn.) 758 ;  Hanna v. Hanna, 10 Tex. Civ. App. 97 (30 S. W. Repr. 820) ;  Smith v. Boston, etc., R. R. Relief Assn., 46 N. E. Repr. 626 ;  Grand Lodge v. Iselt, 37 S. W. Repr, 377 ;  Carson v. Vicksburg Bank, 22 So. Repr. 1;  Knights of Columbus v. Rowe, 40 Atl. Repr. 451 ;  Elsey v. Odd Fellows Mut. Relief Assn., 142 Mass 224 (7 N. E. Repr. 844) ; Tyler v. Odd Fellows Mut. Relief Assn., 145 Mass. 134 (13 N. E. Repr. 360).

*J. Banks Kurtz*, with him *J. S. Leisenring*, for appellee.— The authorities in Pennsylvania are uniform to the effect

that the insurance money to be paid by beneficial societies must be paid to the beneficiary named in the certificate, unless some other person is designated as beneficiary in the mode prescribed by the regulations of the ·order : Vollman's App., 92 Pa. 50 ; Hamilton v. Royal Arcanum, 189 Pa. 273.

Since no change of the beneficiary designated in the application and in the policy of insurance was ever made in accordance with the constitution and laws of the order, no one is entitled to receive the money except the beneficiary therein named—Lloyd Donithen : Wollman's Appeal, 92 Pa. 50 ; Masonic Mutual Assn. v. Jones, 154 Pa. 107 ; Hamilton v. Royal Arcanum, 189 Pa. 273.

OPINION BY HENDERSON, J., October 5, 1903 :

An application in writing for membership was presented to the Mountain City Court of the Independent Order of Foresters by Fred Donithen, and on March 17, 1896, the applicant was regularly admitted to membership in the order. Subsequently there was issued to him by the Supreme Court of the order a benefit certificate which provided for the payment of $1,000 to the beneficiary therein named. This certificate was issued on an application in writing presented by the insured, in which application Lloyd Donithen, a brother, was designated as the beneficiary to whom the amount of the insurance should be paid in case of the death of the insured ; and the same person was designated as beneficiary in the benefit certificate issued pursuant to the application therefor.

When Fred Donithen joined the order, he subscribed in writing to the constitution, laws, and regulations of the order, and agreed to be bound thereby. He died September 29, 1898. At the time when he joined the order, and at the time of his death, he had a wife, but no children.

The appellant, the widow of deceased, claims the amount due on the benefit certificate on two grounds : First, because the beneficiary named in the certificate was not a person to whom the insurance could be paid under the charter and constitution of the order ; and second, because the beneficiary, Lloyd Donithen, is a trustee for her.

The charter of the Independent Order of Foresters declares one of the objects of the order to be : " To establish a benefit

fund from which, on satisfactory evidence of the death of a member of the society, who has complied with its lawful requirements, a sum not exceeding three thousand dollars ($3,000) shall be paid to the widow, orphans, dependents, or other beneficiary whom the member has designated, or to the personal representatives of a member."

Section IV of the constitution of the order declares one of the objects of the order to be "to establish a benefit fund from which on satisfactory evidence of the death or total permanent disability of a member of the order, who has complied with all the requirements contained in the constitution and laws of the order, a sum not exceeding five thousand dollars ($5,000) shall be paid to the member, or his wife, or his affianced wife, or his children, or his blood relations, or to persons dependent upon the member whom he may have designated, as herein provided in this constitution and laws."

Provision is also made for a change of the beneficiary or beneficiaries by application in writing by the insured, and the surrender of his benefit certificate. Upon the receipt of the benefit certificate together with the application and subject to the approval of the supreme chief ranger or executive council, the supreme secretary is authorized to make the desired change.

One of the appellant's contentions is that members and those dependent upon them are the only persons entitled to become beneficiaries under the charter of the order, and that the enumeration of persons or classes of persons given in section IV of the constitution is merely a specific definition of the dependent persons intended to be benefited.

The language of the charter and constitution does not admit so strict a construction. The charter declares as one of the objects of the corporation the payment of benefits to the "widow, orphans, dependents or other beneficiary" whom the member has designated as objects of the beneficiary fund. The constitution states one of the objects of the order to be the payment "to the member, or his wife, or his affianced wife, or his children, or his blood relations, or to persons dependent upon the member whom he may have designated," etc.

The language quoted from the charter and constitution is broad enough to include a brother. The words indicate the creation of classes of persons who may become beneficiaries,

but there is nothing in the terms used to indicate that it was the intention of the order that no person but a " dependent " should be eligible to be designated as a beneficiary.

The order issued the benefit certificate to the brother of the insured, and thereby obligated itself to pay the sum named in the certificate to the beneficiary named, on the happening of the death of the insured. The right of the brother to become a beneficiary was thereby recognized by the order, and it became liable under its contract to pay the sum called for. There is nothing in the charter or by-laws to which our attention has been called that limits the power of the order to enter into the contract referred to.

The same question arose in Maneely v. The Knights of Birmingham, 115 Pa. 305. In that case the charter of the society provided as follows : " The purpose of this corporation shall be the maintenance of a society for the purpose of benefiting and aiding the widows and orphans of deceased members," and the court held that " while it is true that the general purpose of the corporation is there stated to be the maintenance of a society for benefiting and aiding widows and orphans of deceased members, it must be observed that that is only the statement of a general purpose. . . . There is no prohibitory or restrictive language excluding from the powers of the corporation the right to contract specially with a member for the payment of benefits to other persons than the widows or orphans, nor is such a contract to be held void by reason of any necessary implication from the language of the charter."

The language of the charter in the case just recited is much more restrictive than that in the case under discussion, and the reasoning of the Supreme Court in the case stated is conclusive upon the point involved.

The court below found that the evidence presented was not sufficient to support the claim of the appellant that Fred Donithen was a trustee for her, and an examination of the evidence leads us to the same conclusion.

Parol trusts are not favorites of the law, and clear, precise and explicit evidence is necessary to establish such a trust. It is not pretended that at the time the benefit certificate was issued there was any arrangement or agreement between the

insured and the beneficiary that the designation made in the benefit certificate should create a trust. The only evidence tending to show an express trust is contained in the testimony of Mrs. Donithen, and that is contradicted by Fred Donithen. None of the facts introduced at the trial show a resulting or constructive trust. No violation of a contract or breach of legal duty is disclosed by the testimony of the witnesses. All of the testimony bearing upon the subject of trust, except that of Mrs. Donithen, is vague and shadowy, and entirely inadequate to establish a trust.

We conclude, therefore, that there was no error on the part of the court in disposing of the case, and the decree is accordingly affirmed.