## Neff, Appellant, v. Haggerty.

316

Argued April 30, 1930.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, J. J.

*Henry Kauffman* and with him *Louis Little* and
*George Little,* for appellant, cited:   Maneely v.
Knights of Birmingham, 115 Pa. 305; Compton's
Estate, 25 Pa. Superior Ct. 28.

*George Y. Meyer* and with him *C. M. Murphy* for
appellee, cited: Snyder v. Pennsylvania Railroad Co.,
237 Pa. 620; Fodell v. Miller, 193 Pa. 570.

OPINION BY GAWTHROP, J., July 10, 1930:

The Police Pension Fund Association of the City of Pittsburgh is a corporation organized under the laws of the State of Pennsylvania, the membership thereof being composed of persons employed in the police department of that city. Its purpose, as disclosed by its charter, is "to accumulate a fund from the dues of its members ....... in order that from this fund pensions may be paid to members of this association and to families of deceased members, the amount of which pension, the circumstances under which they shall be paid, and the parties to whom they shall be paid, to be determined by the by-laws." In accordance with the provisions of the by-laws of the association there was created a fund separate and apart from the pension fund, which was called the "Disability and Death Benefit Fund," and was maintained by monthly contributions of the members to the fund, in addition to the dues paid by the members. Section 8 of the by-laws provides as follows: "Upon satisfactory proof of the permanent disability of any active member, or upon satisfactory proof of the death of any active or pensioned member of this fund, such active member who is permanently disabled, or the legal representatives or beneficiary of such deceased active or pensioned member, shall receive from the general fund during the year beginning February 1, 1920, the sum of $750, and provided such active or pensioned member has regularly paid said dues up to the time of the happening of such permanent disability or death, from the Disability and Death Benefit Fund the sum of $450 ...... Beginning February 1, 1923, the payment of any permanent disability or death benefit from the general fund shall cease and thereafter all permanent disability and death benefits, as provided for in this section of the by-laws, shall be paid only out of the Disability and Death Benefit Fund. Upon the death of any active or pensioned member of

this fund the death benefit payable shall be paid to the legal representatives of such member, or, if the member shall so provide in writing, executed by him.. ..... and filed with the secretary of this association prior to the member's death and approved by said secretary by endorsement thereof before any such member's death, such death benefits shall be in such case payable to the beneficiary designated in such writing.''

John J. Haggerty was employed by the City of Pittsburgh as a police officer and was a member of said association in good standing at the time of his death, May 4, 1928. On May 6, 1927, while he was a member in good standing, he appointed Annie E. Neff, who was not a member of his family, as beneficiary in accordance with the terms of the by-laws. On December 20, 1928, Catherine Haggerty, widow of John J. Haggerty, sued the association, in behalf of herself and the children of herself and deceased husband, for the death benefits then amounting to $1200, and payable out of the Disability and Death Benefit Fund. On January 14, 1929, pursuant to a stipulation of counsel presented in the court below, that tribunal granted leave to the association to pay said fund of $1,200 into court and thereby discharge itself of all liabilities to Catherine Haggerty and to Annie E. Neff, the rival claimants for the fund, and ordered them to interplead and that a feigned issue be framed, wherein Annie E. Neff should be plaintiff and Catherine Haggerty defendant, to determine the rights of ownership of the fund, and that the proceedings should be in accordance with the Practice Act of 1915 and the rules of the court below. Whereupon Annie E. Neff filed her statement of claim January 26, 1929, to which the widow filed an affidavit of defense raising questions of law. On July 9, 1929, the questions of law were decided in favor of Catherine Haggerty and an order was made that the prothonotary pay to her the amount of the fund in his hands. Annie E. Neff brings this appeal. No

question has been raised as to the appropriateness or as to the regularity of the proceedings adopted for the determination of the ownership of the fund, which resulted in this order, and we will raise none.

As between the widow of the decedent and Annie E. Neff, the beneficiary designated, who is entitled to the fund? The court below held that as the purpose of the association, as declared in its charter, was to provide pensions for living members and benefits to families of deceased members, and decedent left surviving him a widow and children, Mrs. Neff, who is not a member of his family, was not within the class of persons entitled to benefits under the charter and by-laws of the association and that the designation of her as beneficiary was invalid. In our view the language of the charter and by-laws does not permit so strict a construction and the decisions in this State do not support it. In determining whether the beneficiary designated by the member in a given case is capable of taking the fund under the charter of the association the courts will give as broad and comprehensive a meaning as possible to the terms of the charter in which the general object of the association and the class of persons to be benefited are set forth: Compton's Estate, 25 Pa. Superior Ct. 28, 34.

In Maneely v. Knights of Birmingham, 115 Pa. 305, the charter of the defendant provided as follows: "The purposes of this corporation shall be the maintenance of a society for the purpose of benefiting and aiding widows and orphans of deceased members." This language is much more restrictive than that in the case at bar. In that case the constitution provided that the insurance should be paid "to such person or persons as the deceased may have designated to receive the same, as appears on the books of the lodge of which he is a member; if no designation has been made then to his widow; if no widow survives then to his child or children; in default of the foregoing, then

to the mother of the deceased, or other legal heirs, etc.'' The member named as his beneficiary a sister from whom he had borrowed money. In reversing the court below, which held that it was not within the power of the defendant to stipulate for the payment of the benefits to any person, other than the widow and orphans, who might be designated as the recipient under the provisions of the constitution, the Supreme Court said: ''While it is true that the general purpose of the corporation is there stated to be the maintenance of a society for benefiting and aiding widows and orphans of deceased members, it must be observed that this is only the statement of a general purpose ...... There is no prohibitory or restrictive language excluding from the powers of the corporation the right to contract specially with the member for the payment of benefits to other persons than his widow or orphans. Nor is such a contract to be held void by reason of any necessary implication from the charter ...... The member may be unmarried, or he may have become a widower and without children during his life, though at the time his membership commenced he may have both a wife and children. In such a case it would not be contended that the company could resist payment if the action were brought by......a designated beneficiary, who had loaned money on the faith of the membership.'' The reasoning of the Supreme Court in that case seems to be conclusive upon the point here involved. The case was not decided merely on the narrow ground that the member's widow and orphans may have been benefited by the contract designating the sister as beneficiary, but on the broader ground that the recital in the charter of the object sought to be accomplished by the corporation did not limit its right to contract with a member for the payment of benefits to persons other than his widow or orphans. That case was followed by this court in Menovsky v. Menovsky, 19 Pa. Superior Ct. 427, and Donithen v. I. O. of Foresters,

23 Pa. Superior Ct. 442, and Compton's Estate, supra. It is conceded by counsel for both the parties that the Act of April 6, 1893, P. L. 7, relating to fraternity, beneficial and relief societies has no application in this case.

Nor is the case ruled, as the court below thought it was, by Fodell v. Miller, 193 Pa. 570, in which, as pointed out by President Judge RICE in Compton's Estate, supra, "the certificate was issued in consideration of the representations and declarations made to the association in the application therefor, and the decision was put on the ground that these were false and fraudulent." There is nothing of that kind in this case. It follows that the questions of law raised by the affidavit of defense should have been decided against the defendant.

The order is reversed and the record remitted with a procedendo.

KELLER, J. dissents on the ground that Maneely v. Knights of Birmingham, 115 Pa. 305 does not apply to a pension fund.