# Brown *v.* Ancient Order of United Workmen, Appellant.

208    101
j 211   4376
211   4378
211   4382

208    101
i224   3301
j 37SC4412

*Beneficial associations—Beneficial certificates—Change of beneficiary.*

The constitution and by-laws of a beneficial association constitute the law of the organization which controls the issuing of its beneficial certificates and the disposition of its benefit fund. The rights and duties of the members arising out of the contract of membership are defined and must be enforced among themselves strictly in conformity with these self imposed laws. The policy issued to a member is regarded as a contract between him and the association and enforceable by either against the other according to its terms.

Ordinarily a member may, unless the power of appointment is restricted in the charter or by-laws, change the beneficiary at his will but after his death the first beneficiary as well as the association have the right to insist that it shall have been done in compliance with the constitution and by-laws of the organization. And the method presented by the constitution and by-laws of the association for changing beneficiaries is exclusive.

Unlike ordinary life insurance the certificate or policy of a beneficial association creates no vested interest in the beneficiary but only an expectancy, which cannot become a vested or absolute right to the proceeds of the policy until the death of the assured.

Where the laws of a beneficial association provided that a member might designate as a beneficiary, a member of his family, one related to him by blood, or one dependent upon him, but did not require the beneficiary to belong to one of the specified classes at the death of the member, and a member designated his wife the beneficiary and gave her the certificate which she retained until his death, twenty-four years thereafter, such beneficiary will be entitled to the benefits, although the member was divorced from her eight years before his death, and subsequently remarried, but continued to support his first wife and her children until his death, and never made any change in the certificate.

Mr. Chief Justice MITCHELL dissents.

Argued Nov. 5, 1903. Appeal, No. 115, Oct. T., 1903, by defendant, from judgment of C. P. No. 2, Allegheny County, April T., 1902, No. 390, for plaintiff on case stated in suit of Mattie Brown v. Grand Lodge of the Jurisdiction of Pennsylvania Ancient Order of United Workmen et al. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine title to death benefits in a beneficial association. Before RODGERS, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*James S. Young,* for appellant, cited : Fodeli v. Miller, 193 Pa. 570 ; Flory v. Becker, 2 Pa. 470 ; Husband on Married Women, 228.

*Charles T. Moore,* for appellee, cited: Courtois v. Grand Lodge A. O. U. W., 135 Cal. 552 (67 Pac. Repr. 970) ; Bacon on Benefit Societies, sec. 253 ; Conn. Mut. Life Ins. Co. v. Schaefer, 94 U. S. 458 ; Blaker v. Cooper, 7 S. & R. 500 ; Mc-Grath v. Pennsylvania Company for Insurance on Lives, 8 Phila. 113 ; Maneely v. Knights of Birmingham, 115 Pa. 305 ; Hale v. Equitable Aid Union, 168 Pa. 377 ; Mulderick v. Grand Lodge A. O. U. W., 155 Pa. 505 ; Fischer v. American Legion of Honor, 168 Pa. 279 ; Tyler v. Odd Fellows Mut. Relief Assn., 145 Mass. 134 (13 N. E. Repr. 360).

OPINION BY MR. JUSTICE MESTREZAT, January 11, 1904 :

John P. Brown was a member of the Good Intent Lodge No. 29, of the Ancient Order of United Workmen. It was a beneficial organization, and on or about October 11, 1877, it issued a beneficial certificate to him insuring his life " in the sum of $2,000, to be paid at his death to Mattie Brown, his wife." In 1893 Mattie Brown, the beneficiary, obtained an absolute divorce from her husband and in the same year he married Anna Z. Whaley. He died December 22, 1901, leaving to survive him his widow, Anna Z. Brown, three children of the first wife and one child of the second wife. He was also survived by Mattie Brown, the beneficiary, to whom he had delivered the beneficial certificate on its issuance and who had since retained possession of it. No change was ever made in the name of the beneficiary. After the divorce, Mattie Brown's children lived with her and were under her care and protection and Brown contributed regularly to the support and maintenance of his divorced wife and her children until the time of his death.

This is an action of assumpsit by Mattie Brown, the bene-

ficiary, designated in the certificate, to recover $2,000, the amount of the policy, with its interest, from the Grand Lodge of the Jurisdiction of Pennsylvania, Ancient Order of United Workmen, which assumed to pay all outstanding insurance policies of the Grand Lodge of the Ancient Order of United Workmen of Pennsylvania. The widow and children of John P. Brown were permitted to intervene as claimants of the fund and were made parties to the action. The facts were agreed upon and, on the case stated submitted to the trial judge, he held that Mattie Brown, the beneficiary named in the certificate, was entitled to the benefit fund and directed judgment to be entered in her favor. From this judgment, the Grand Lodge has taken this appeal.

The general laws of the defendant association provide, inter alia, as follows:

" Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall, in every instance, be one or more members of his family or some one related to him by blood, or shall be dependent upon him.

" A single man, without family, desiring to make some lady his beneficiary, may do so by giving her name in full, and designating her as affianced wife.

" No member or applicant for membership shall be permitted to name any creditor as his beneficiary."

It is also provided that in case of the death of the beneficiary during the lifetime of the member, unless otherwise provided in the beneficial certificate, the benefit shall be paid to the following persons, if living, in the order named: to the widow, to his children and grandchildren, to his mother, to his father; but if the member leaves none of the several classes, " the beneficiary money shall be paid to such other blood relatives and in such proportion as they would be entitled under the laws of the commonwealth of Pennsylvania to receive if said moneys were a portion of the personal estate of the deceased member."

The constitution and by-laws of a beneficial association constitute the law of the organization which controls the issuing of its beneficial certificates and the disposition of its benefit fund. The rights and duties of the members arising out of the contract of membership are defined and must be enforced among

themselves strictly in conformity with these self-imposed laws. The policy issued to a member is regarded as a contract between him and the association and enforceable by either against the other according to its terms. Ordinarily a member may, unless the power of appointment is restricted in the charter or by-laws, change the beneficiary at his will but after his death the first beneficiary as well as the association shall have the right to insist that it shall have been done in compliance with the constitution and by-laws of the organization: McLaughlin v. McLaughlin, (Cal.) 43 Am. St. Rep. 83; Grace v. North Western Mutual Relief Association, (Wis.) 41 Am. St. Rep. 62. And the method presented by the constitution and by-laws of the association for changing beneficiaries is exclusive: McCarthy v. Supreme Lodge, (Mass.) 25 Am. St. Rep. 637. Unlike ordinary life insurance the certificate or policy of a beneficial association creates no vested interest in the beneficiary but only an expectancy, which cannot become a vested or absolute right to the proceeds of the policy until the death of the assured.

Such are well established principles in the law applicable to mutual benefit associations. The plaintiff, in the case in hand, was designated as the beneficiary in the certificate issued to John P. Brown upon which this action was brought. He deposited the certificate with her immediately on the receipt of it by him and she has ever since remained the custodian of it. It is conceded that at the time of its issuance she, as the wife of John P. Brown, was a proper person to be designated as the beneficiary under the laws of the association. But it is contended by the appellants in resisting her right to the fund in controversy that the annulment of the marriage relation by the decree in divorce in 1893 withdrew her from eligibility as a beneficiary and after his death deprived her of the legal right to the fund acquired by the certificate issued to her husband in 1877. We do not regard this position as tenable. It overlooks the pertinent provisions of the charter of the association and the character of the obligation imposed by the beneficial certificate. A member may designate as a beneficiary one of three classes: a member of his family, one related to him by blood or one dependent upon him. Pursuant to this designation, the beneficiary is named in the certificate as the party entitled to the sum for which the life of the member is in-

sured. As suggested above, the member may withdraw this designation and substitute as a beneficiary another person within one of the specified classes; or if the beneficiary die prior to the death of the member, the fund will go to the other persons designated by the laws of the association. But unless such substitution is made or the death of the beneficiary occurs within the specified time, there is no provision in the constitution or by-laws of this organization that nullifies or renders inoperative the designation of the beneficiary in the original certificate. The date of eligibility as a beneficiary is the date of the designation in the certificate and not the date of the death of the member. If, therefore, the plaintiff was eligible as a beneficiary at the time she was designated as such, there is nothing in the charter of the organization to deprive her of the rights, though then expectant and not fixed, acquired by her under the contract evidenced by the certificate. It should be observed and it is important to keep in view the fact that the laws of this association do not require the beneficiary to belong to one of the specified classes at the death of the member when the rights of the beneficiary become vested. The charter of some beneficial associations have provisions of this character, but there is nothing in the one under consideration that will warrant such construction. When, therefore, a member of this organization has designated a person as the beneficiary of a fund, eligible as such at the time, and a certificate is issued for her benefit, a contract is made which entitles the beneficiary to the fund at the death of the member, unless she is deprived of it by the designation of another person as beneficiary or by her death prior to the death of the member. We concede there would be much force in the appellant's position if the laws of the organization, instead of requiring the member to designate a person of one of the specified classes as a beneficiary, had provided that the recipient of the benefit should belong to one of the classes, or had used language showing that the beneficiary must belong to one of the classes at the maturity of the policy. The charter we are considering, however, will not bear this interpretation. The only condition imposed by it on a beneficiary is that she belong to one of the specified classes at the time she is designated in the certificate as the person to whom the benefit shall be paid.

The construction we have given the policy is not only in accord with its legal effect but in this case carries out the evident intention of the insured.   It is manifest we think that John P. Brown intended that his first wife should continue to be the beneficiary in the policy after they had been separated by the divorce proceedings.   He recognized the fact that she had not the financial ability to support herself and her children, and during his life, though living apart from her, gave her the necessary assistance to meet her dependent situation.   The divorce was granted eight years before his death, yet he allowed these years to go by without a surrender of the policy and a change of the beneficiary or without disclosing any desire to make such change.   He permitted the plaintiff to retain possession of the policy for twenty-four years, eight years of which were after the marital relations between them had ceased to exist and while they occupied different homes.   He had ample time and opportunity to consider and determine the advisability of giving to another the benefit secured by the policy, but death came to him without his having made a change in the beneficiary designated in the certificate.   Under the circumstances it is evident that he never intended or desired to exercise his power of appointment and thereby deprive his first wife of the benefit of the policy issued by the defendant company.

The judgment is affirmed.


MR. CHIEF JUSTICE MITCHELL dissenting :

I cannot concur in this judgment on either of the grounds assigned.

The divorce severed the marital relation, and thereby terminated all the rights of either party growing out of the relation, except so far as saved by the decree of the court or the agreement of the parties.   When the insured died the plaintiff could not claim as wife for she was not wife, and had lost all the incidental rights as completely as if she had died before the husband.   As well might she claim dower in his real estate, notwithstanding the divorce, on the ground that while she was his wife he had owned the land.

Nor is the other argument any better.   It is said that plaintiff may claim as a dependent.   The evidence does not

show anything more than that the deceased contributed to the support of plaintiff and his children, which is far short of showing that she was dependent upon him. But even if it did it would only show that she was within a class which would have enabled the deceased to name her as a beneficiary, but that in fact he never did. He named her not as a dependent but as wife, and for a court now to give her the benefit on a ground never designated by the only one who had a right to do so, is to make a new contract entirely different from the one that deceased made and for no better reason than that he might have made it if he had chosen to do so. I would reverse the judgment.