## Davis, Appellant, v. Gilroy.

*Beneficial associations—Death benefits—Beneficiary—Notice.*

Where the by-laws of a beneficial society provide that death benefits shall be paid "to the widow, or other proper party," and a member fills in the blank space in his certificate of membership with the name of a friend without notice to the society, such person is entitled to the benefits, as against the member's widow, if it appears that there is nothing in the by-laws requiring notice of the naming of a beneficiary to be given to the society, and no express requirement that the beneficiary be a relative.

Argued Oct. 16, 1916. Appeal, No. 80, Oct. T., 1916, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., June T., 1915, No. 2370, dismissing bill in equity in case of Jennie M. Davis v. W. L. Gilroy et al. associated under the name of Clerks' Aid Society, Pennsylvania Railroad. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Bill in equity against an unincorporated society to compel the payment of death benefits. Before SHOEMAKER, J.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*E. W. Kirby*, of *Morris & Kirby*, for appellant.—This appeal is occasioned by the failure of the court below to award the amount of benefits payable by appellees, an unincorporated beneficial association, to appellant, the beneficiary specifically named in the certificate issued by

326, (1917).] Arguments—Opinion of the Court.

appellees, contrary to the rulings of this court in Battersby v. Schuylkill Tribe, 29 Pa. Superior Ct. 288; Compton's Estate, 25 Pa. Superior Ct. 28, and of the Supreme Court in Maneely v. Knights of Birmingham, 115 Pa. 305.

No printed brief for appellee.

Opinion by Williams, J., April 16, 1917:

This was a bill in equity, filed by the holder of a certificate issued to one Samuel Faunce by defendant, an unincorporated society whose object was the collection of a fund to be paid at the death of a member, to enforce payment of the fund to plaintiff as beneficiary named in the certificate. The court below dismissed the bill.

The certificate was in the following form: "Organized 1882, No. 601, Clerks' Aid Society, Pennsylvania Railroad. This certifies that Samuel Faunce is a member of the Clerks' Aid Society, Pennsylvania Railroad, and is entitled to all the rights, privileges, and benefits incident to such membership, subject to the provisions of the rules, regulations, and by-laws of said society, which are now or may hereafter be in force. By his designation the amount of benefits provided for by the by-laws, in case of death, is to be paid to......upon the surrender of this certificate. Witness the President and Secretary have signed this certificate, at Philadelphia, this 1st day of October, 1888. (Signed) Jos. Davison, Secretary; W. L. Gilroy, President."

The by-laws provided that the purpose of the organization was the "providing a fund for the event of death"; and that "upon the death of a member duly certified the Trustees shall pay to the widow, or other proper party" the amount of the benefit; and "in case there shall be no relatives in charge of the deceased, the Trustees shall take charge of the funeral, and bear the expenses to the extent of the benefits allowed."

In 1908 the appellant was named as the beneficiary by Faunce without notice to the society. He died April 15,

1915, at Detroit, Michigan, leaving him surviving a childless widow, who had not lived with him since 1895. The claimant named as beneficiary was not related to Faunce, but had been an intimate friend for many years.

The answer of the defendant sets forth that $571 had been collected; that it was willing to pay the amount to the person properly entitled thereto, and submitted itself to the order of the court.

There is nothing in the by-laws requiring notice of the naming of a beneficiary to be given to the society and, as there is no express requirement that the beneficiary be a relative, the fund must go in the direction named by the member: Compton's Est., 25 Pa. Superior Ct. 28.

The decree of the court below is reversed, and the record remitted with direction to reinstate the bill and enter a decree in favor of the beneficiary named by the decedent.