## Toberg *v.* Knights of Columbus (et al., Appellant).

Argued October 15, 1940.

Before KELLER, P. J., CUNNING-HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Con F. McGregor,* for appellant.

*Leonard H. Marks,* with him *Joseph H. Reich* and *Eli E. Reich,* for appellee.

Opinion by Baldrige, J., December 11, 1940:

This appeal is from a final order of the court below making absolute plaintiff's motion for judgment for want of sufficient affidavit of defense.

Fred F. Toberg made an application on November 16, 1936, for membership and a certificate of insurance in the Knights of Columbus, a fraternal society, in which he set forth that he was single; that his home address was Crafton, Pittsburgh, and named therein his mother, the appellant, as the beneficiary in the event of his death. No certificate of insurance, however, was issued at that time. It was not until November 9, 1937 that the insured signed a form designated as "Applicant's Declarations to the Medical Examiner," which, as appears by the photostatic copy on the record, was attached to, and made a part of, the application. Certain alterations in the application were made, apparently when the insured signed the medical examination form. The word "single" had a line through it and "married Oct. 20" inserted and another home address stated than that originally given. The application and declarations to the medical examiner were forwarded to the home office of the society on November 9, 1937. On November 15, 1937, the Knights of Columbus issued a certificate of insurance in the sum

of $1,000, naming the mother, Rose B. Toberg, as beneficiary.

The certificate of insurance provided: "...... this Certificate, the Charter, Constitution and Laws of the Knights of Columbus and the application for membership and *medical examination* signed by the applicant ...... shall constitute the agreement ......" (Italics supplied).

A suit in assumpsit was brought by the plaintiff against the Knights of Columbus to recover the sum of $1,000. The statement of claim averred that Fred F. Toberg and the plaintiff were married October 20, 1937, and that he died December 6, 1938; that the insured had paid the stipulated premiums due under the policy and performed all things on his part to be fulfilled. But it was not stated when the insured began to pay the premiums, nor were any dates mentioned upon which they were made.

The Knights of Columbus, after service of plaintiff's statement, petitioned the court below for an interpleader, setting forth that Rose B. Toberg claims the fund adversely to the plaintiff; that it is a mere stakeholder and has no interest whatever in the controversy, and is ready and able to pay the sum of $1,000 to the party or parties lawfully entitled to receive same. The court thereupon granted the petitioner's prayer and ordered that an issue be framed "in which the said DeMaris Fisher Toberg shall be plaintiff, and the said Rose B. Toberg shall be defendant" and that the statement of claim filed in the suit brought against the Knights of Columbus shall be considered the plaintiff's statement of claim.

Rose B. Toberg filed an affidavit of defense denying the plaintiff was entitled to the fund and averred that the application for insurance signed November 16, 1936, was not completed until the application and the insured's declarations made to the medical examiner on November 9, 1937, were forwarded to, and accepted by,

the Knights of Columbus, which was subsequent to the date of the plaintiff's marriage to the deceased; and that the insured then reaffirmed his designation of his mother as beneficiary.

The plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense. After an argument, in an opinion by McDonald, J. the rule was discharged. Thereafter a petition for reargument was filed by the plaintiff alleging that the court erred in construing the declarations to the medical examiner as part of the original application and that no redesignation of the beneficiary was made as provided by the By-laws of the Knights of Columbus.

After further argument, the court, in an opinion written by McKim, J., in which McDonald, J. dissented, concluded that the effective date of the certificate of insurance was November 16, 1936, when the application was made, and as there was a subsequent marriage the designation of the insured's mother as beneficiary was rendered void, as he did not redesignate her as beneficiary by some affirmative and definite action on his part, relying upon *Willison v. Willison et al.*, 123 Pa. Superior Ct. 515, 187 A. 325. The order accordingly was vacated and the rule for want of sufficient affidavit of defense was made absolute.

We are of the opinion that the original order was correct. It is not our intention to in any way change or modify anything we said in *Willison v. Willison et al.*, supra, where the facts were entirely different from those before us. That case was correctly decided.

Turning to Section 71, Paragraph 4 of the By-laws of the Knights of Columbus we find that it is there provided that when an unmarried man designates a beneficiary and subsequently marries, the marriage shall render the designation void, but he may redesignate the same beneficiary. If the member dies without making a new designation then the benefits shall be paid accord-

ing to the classifications set forth in that section, which give priority to the member's wife.

We think it is quite clear that the deceased did not become entitled to the protection of the insurance until the execution of the declarations to the medical examiner as it is therein expressly set forth that upon completion thereof that form shall be forwarded to the "Supreme Physician." The application amounted only to a proposal for insurance. It did not create a contract: *Munhall v. Travelers Insurance Co.*, 300 Pa. 327, 150 A. 645. The insured no doubt knew, as his subsequent actions show, that the mere signing of his application did not give him insurance; that his medical declarations were an essential part of the application; and that a report thereof had to go to the home office of the Knights of Columbus for approval. Until that was done and a certificate issued, which we have heretofore observed was not until after the marriage, there was no contract in force.

Our attention has not been called to any restrictive language in the By-laws that prohibited the designation by a member in an application for insurance of his mother as the beneficiary, notwithstanding his prior marriage. If she was named in accordance with the rules and regulations of the society she is entitled to the insurance: *Neff v. Haggerty*, 99 Pa. Superior Ct. 315; *Davis v. Gilroy*, 66 Pa. Superior Ct. 326.

The order of the court below is reversed and the plaintiff's rule for want of sufficient affidavit of defense is discharged.