Fantini's Estate.

Argued October 6, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*E. Humes Garber,* with him *Robert B. Wood,* for appellant.

*Lloyd J. Schumacker,* of *Cohan & Schumacker,* for appellee.

OPINION BY HIRT, J., November 13, 1942:

Michael Fantini, a widower, and the father of four children the wards of appellee, died intestate on October 18, 1940. He, in his lifetime, was a driver of a milk wagon and was a member of Driver-Salesmen's Union, in good standing at the time of his death. Under the by-laws of the union $1000 was payable as "death benefits" on the death of a member and the member was authorized to designate the beneficiary of the fund. In the exercise of this privilege Michael Fantini had signed a card (apparently on a form supplied him) authorizing the union "to pay over any death benefit that may be due me, to

To my Estate ......................... 4 children
   (Name)                             (Relationship)

as my beneficiary." On his death, the union, on the advice of counsel, interpreted the designation as naming the four children as beneficiaries and accordingly paid the $1000 death benefits to their guardian. The fund of $973.11 now in the hands of the guardian shown by the account as filed, was derived from that source. Decedent left no other estate and appellant, representing the undertaker who, at the request of an uncle of the children, buried the father, claimed payment of the funeral bill out of the fund. It is conceded that the charges are reasonable in amount. The claim was disallowed on the ground that the estates of minor children are not liable for the burial expense of a parent.

From the meagre record the precise character of the organization of the union does not appear. But it was not a fraternal benefit society; it was a labor union, a

branch of the A. F. of L., organized to further a variety of interests of its members. Payment of "death benefits" was incidental only to the general broad purpose of the union. To this extent it assumed the character of a mutual benefit society. The union did not issue benefit certificates.

We are unable to agree that the children were named as beneficiaries of the fund by their father. On the contrary we think it clear that he intended to make the fund payable to his estate and the accompanying recital of "4 children" is no more than *descriptio personae*—identifying his heirs at law entitled to that part of the fund remaining on final distribution. If he intended that his children should receive the fund as beneficiaries and not as heirs, thus putting it beyond the claims of creditors he would have had no occasion to refer to his estate in naming his beneficiary. We must give effect to his intention; we cannot override the contract if his estate could take as beneficiary.

There is no statute which denies the right of a member of an association, such as a labor union, to direct the payment of death benefits to his estate and in the absence of a limiting provision either by statute or the constitution or by-laws of the union the member's designation is valid. The by-laws of a mutual beneficial association not inconsistent with the charter must govern among its members. *Feldman v. Brith Achim Ben. Ass'n.*, 86 Pa. Superior Ct. 409; *Maneely v. Knights of Birmingham of Pennsylvania*, 115 Pa. 305, 9 A. 41. Where the contract, applicable statute or charter, constitution, articles or by-laws of an association or society designate certain classes as eligible for nomination, the beneficiary must be one of those so designated or the designation is inoperative. Couch on Insurance, §307. But "In determining whether the beneficiary designated by the member in a given case is capable of taking the fund under the charter of the association the courts will

give as broad and comprehensive a meaning as possible to the terms of the charter in which the general object of the association and the class of persons to be benefited are set forth": *Compton's Estate*, 25 Pa. Superior Ct. 28. In that case the designation of "my estate" as beneficiary of a member of a mutual aid society was held valid. Unless payment to the member's estate is prohibited or the beneficiaries who may be named are limited by the association to a restricted class the estate of a member may be made beneficiary of the fund. c. f. *Davis v. Gilroy*, 66 Pa. Superior Ct. 326; *Neff v. Haggerty*, 99 Pa. Superior Ct. 315; *Compton's Estate*, supra.[1]

Because of an admission made by counsel before us at the time of argument, the broad question whether the estate of a minor can be charged with the burial expense of a parent, is not involved. At the argument it was conceded that there is nothing in the constitution or by-laws of the union which denies the right to a member to name his estate as beneficiary.[2] The purpose of "death benefits" is not defeated by administration and the payment of debts and funeral expenses before benefit accrues to children. Therefore, Michael Fantini's designation of his estate as beneficiary was valid in this case; the fund was payable to his administrator and, though improperly paid to the guardian of his children, remains a part of his estate for the payment of the funeral expense.

The decree is reversed at the costs of the fund; it is ordered that an administrator be raised to receive the fund and that appellant's claim be allowed in its order of preference.

---

[1] Even if the union were a fraternal benefit society there is nothing in the applicable Act of Assembly (Act of July 17, 1935, P. L. 1092, §11) which would prevent the estate from taking as beneficiary, 40 PS 1061.

[2] This fact was not before the lower court and therefore was not considered in determining the question of liability.