## Austin v. Bureau for Colored Children

*Raymond Pace Alexander*, for plaintiff.
*David B. Asbury*, for defendant.

WINNET, J., March 31, 1943.—On March 11, 1935, when plaintiff was still a minor and committed to the custody of defendant by the Municipal Court, the Travelers Life Insurance Company paid defendant the sum of $1,100, the proceeds of an employer's group policy of insurance and certificate covering the life of plaintiff's father and naming plaintiff as a beneficiary. A clause in the policy allowed the company to pay the proceeds, when the beneficiary is a minor, either to a relative by blood or to "such other person as the employer shall designate as equitably entitled to the same". On May 18, 1940, defendant turned over to the legal guardian of plaintiff the balance of the fund, $880.29. This suit is to recover the difference, plus interest at six percent from the date defendant received the money.

The affidavit of defense denies that any sum is due plaintiff, and first seeks a credit by reason of payment of a funeral bill of $193.50 to bury the assured, defendant claiming that the proceeds of the policy were turned over to it on the express condition that the funeral bill be paid. Credit is also asked for a sum of $25 paid to counsel for plaintiff at the time the moneys were turned over to defendant, and for a sum of $75 paid to the attorney for plaintiff during the minority for her maintenance. The affidavit of defense also alleges that at the time defendant turned over the proceeds to the legal guardian it included the

sum of $74.29 accumulated interest paid by the bank where the fund was deposited.

The theory of plaintiff's action is for money had and received by defendant belonging to plaintiff. The right to recover in such instances has also been placed on the "quasi-contractual relationship" between the parties, the law imposing a duty to pay back by reason of the dealings between the parties. In view of the recent publication of Restatement of the Law of Restitution by the American Law Institute, it would seem better to be guided by the principles of restitution in determining the obligations of defendant as these principles cover the rights formerly dealt with in actions for money had and received and on quasi-contractual relationships. See Introductory Note on the Right to Restitution, pp. 4-10.

Section 124 of the restatement reads:

"A person who, acting or purporting to act on account of another, has received property from a third person for the other, is under a duty to account to the other for such property."

This brings into question the four items of expenditure of defendant: (1) the funeral bill; (2) the payment to the attorney for plaintiff at the time the insurance company paid the proceeds of the policy; (3) the payment of $75 to the attorney for plaintiff during her minority and for her maintenance; and (4) the interest at the rate of six percent claimed on the principal sum of $1,100 up to the time the balance was turned over to the legal guardian, and legal interest on the difference since that date.

1. The payment by defendant of the funeral bill of plaintiff's father was clearly improper. Even if we assume that the insurance company made it an express condition when it turned over the proceeds that defendant should pay the funeral bill, it would not warrant such use of the money of the minor—the beneficiary under the policy. The estate of a minor

child is not liable for payment of the funeral expenses of a parent. This was held in Heller's Estate, 22 D. & C. 649, and recently stated with such clarity and cogency by Judge Bolger in Fantini's Estate, 44 D. & C. 444,* that any further comment on the principle would be redundant. Plaintiff, therefore, is entitled to recover the sum of $193.50.

2. As to the payment of $25 made at the time to plaintiff's counsel, no fault can be found. Defendant states that this payment, too, was conditioned on the proceeds being turned over to defendant. We must assume that the payment was made pursuant to the negotiations in obtaining payment from the insurance company. Under the principles of restitution the obligation of trusteeship arises by law. If, therefore, an *express* trustee would have been warranted in making a certain expenditure, there is no reason why the *constructive* trustee should be condemned for so doing. A trustee may make an expenditure reasonably calculated to protect and preserve a fund. The sum of $25 was a reasonable sum paid to collect the fund, and defendant should not be asked to repay it to plaintiff.

3. It is not denied that the sum of $75 was paid by defendant during plaintiff's minority for her maintenance. The legal guardian would be warranted in making such an expenditure, and there is, therefore, no reason why the legal custodian of the minor who spent $75 for her maintenance should be asked to pay it back.

4. The claim for interest at the rate of six percent from the time defendant received the fund must be disallowed. Defendant is a charitable organization to which the custody of colored children is committed by the court. Innocently it received certain moneys belonging to plaintiff. It deposited the money in a bank

---

* Fantini's Estate was reversed in the Superior Court, 150 Pa. Superior Ct. 495, on the ground that the minors were not the beneficiaries of the policy.

and received the interest usually paid for such deposits. It would be most unfair to compel interest beyond the sum defendant received and which it turned over to plaintiff's legal guardian. See section 157 of the Restatement of the Law of Restitution. Equitable principles must control restitution and there is no reason why the constructive trustee should be treated differently than the express trustee.

We have said that defendant is liable for a payment not warranted by law, and on such payment it must pay interest. But not at the legal rate. Interest is compensation allowed by law for use or retention of money. As stated by Judge Parker in McDermott v. McDermott, 130 Pa. Superior Ct. 127, 130:

"An examination of the cases dealing with the charge and allowance of interest will disclose many difficulties, but the decided trend of courts of law and courts of equity has been 'to break away from hard and fast rules and charge and allow interest in accordance with principles of equity, in order to accomplish justice in each particular case': *John Agnew Co. v. Board of Education*, 83 N. J. Eq. 49, 89 A. 1046, 1054. Unless a case be found, which is a conclusive precedent, the safest and at the same time the fairest way for a court is to decide questions pertaining to interest according to a plain and simple consideration of justice and fair dealing."

If defendant had not paid this bill and had deposited the money and it had earned two percent, the rate usually paid by banks on deposits, we would have clearly exculpated defendant from any further responsibility. Therefore, the fair rate of interest should be only two percent.

The court finds for plaintiff in the sum of $193.50, with interest at the rate of two percent from March 15, 1935, or the sum of $224.63.