Thomas *v*. Robinson, Appellant, et al.

Argued March 17, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Henry W. Koons,* with him *Thad. S. Krause,* for appellant.

*Edward I. Weisberg,* for appellee.

OPINION BY RHODES, P. J., April 13, 1948:

This case arises from an action in assumpsit against the Philadelphia and Reading Relief Association for benefits due under a benefit certificate issued by that association.

The death benefit payable under the certificate was claimed by the widow of the deceased member and by the named beneficiary in the certificate.

The association paid the proceeds into court, having filed a petition for interpleader.

The named beneficiary, who was the former wife of the deceased member, became the plaintiff in the interpleader proceeding and the widow became defendant. See Pa. R.C.P. No. 2301 et seq.; *Potter Title & Trust Co. v. Carlson,* 160 Pa. Superior Ct. 38, 40, 50 A. 2d 28. Complaint and answer were filed.

Plaintiff was the wife of deceased on July 27, 1920, when he became a member of the association upon a written application wherein he designated her as the beneficiary to receive the benefit payment in the event of his death. Later, on September 27, 1926, she secured an absolute divorce. Defendant married deceased on March 20, 1934, and became his widow on August 17, 1946, the

date of his death. Deceased made no change in the designation of his beneficiary prior to his death.

The court below entered judgment on the pleadings for plaintiff. Defendant has appealed to this Court.

Appellant contends (1) that plaintiff automatically disqualified herself as beneficiary when she secured an absolute divorce from deceased; and (2) that the death benefit, for want of a qualified designated beneficiary in the certificate, passed to herself, the widow, under by-law or rule 24 of the association.

We recognize that the disposition of the fund in question must be made according to the by-laws or rules of the association and the law of this state. *Stasevicius v. Slauzis et al.,* 144 Pa. Superior Ct. 421, 423, 19 A. 2d 569; *Arcutt v. Brotherhood of Locomotive Firemen and Enginemen et al.,* 157 Pa. Superior Ct. 385, 388, 43 A. 2d 599; *Grant v. Faires,* 253 Pa. 232, 238, 97 A. 1060; Act of July 17, 1935, P. L. 1092, 40 PS §1051 et seq.

The by-laws or rules of a mutual benefit association must govern among its members, if not inconsistent with the charter of the association. *Fantini's Estate,* 150 Pa. Superior Ct. 495, 497, 28 A. 2d 817. No such conflict is alleged in the present case; and it is conceded that the designation of plaintiff as the beneficiary was properly made under the provisions of the by-laws or rules of the association, and that there had been no change in such designation at the time of the death of the member.

In *Brown v. Ancient Order of United Workmen,* 208 Pa. 101, 105, 57 A. 176, 177, the Supreme Court said:

"The date of eligibility as a beneficiary is the date of the designation in the certificate and not the date of the death of the member. If, therefore, the plaintiff was eligible as a beneficiary at the time she was designated as such, there is nothing in the charter of the organization to deprive her of the rights, though then expectant and not fixed, acquired by her under the contract evidenced by the certificate. It should be observed and it is important to keep in view the fact that the laws of this asso-

ciation do not require the beneficiary to belong to one of the specified classes at the death of the member when the rights of the beneficiary become vested."

Plaintiff, the beneficiary duly designated by the member, was not rendered incapable of taking the fund by the by-laws or rules of the association. Payment to her was not prohibited because of her subsequently changed status. The divorce altered the marital status of plaintiff, but there is nothing in the by-laws or rules of this association which would cause the divorce to operate as an automatic disqualification of plaintiff as beneficiary. The by-laws or rules of the association provided as follows:

"24. Payment of benefit on account of death of a member shall be made in the following order:

"FIRST.—To the Beneficiary or beneficiaries designated, either in the member's principal application or subsequently in the prescribed form, in accordance with the Regulations, and where there are more than one such beneficiary, in equal shares unless otherwise specified.

"SECOND.—If there be no such designated beneficiary living at the time of the member's death, then the whole benefit, or, if there be several designated beneficiaries and one or more of them shall then be dead and one or more of them be then living, then the share or shares of such whole benefit as the deceased beneficiary or beneficiaries would have been entitled to receive, if any, shall be paid to the wife (or husband) of the member."

In the *Brown* case, supra, 208 Pa. 101, 57 A. 176, the original beneficiary, notwithstanding her subsequent divorce, was permitted to recover the death benefit as against the widow of the deceased member. The Court also said (page 105 of 208 Pa., page 177 of 57 A.):

"As suggested above, the member may withdraw this designation and substitute as a beneficiary another person within one of the specified classes; or if the beneficiary die prior to the death of the member, the fund

will go to the other persons designated by the laws of the association. But unless such substitution is made or the death of the beneficiary occurs within the specified time, there is no provision in the constitution or by-laws of this organization that nullifies or renders inoperative the designation of the beneficiary in the original certificate."

Appellant finally argues that the present case differs from the *Brown* case in that the form of application for membership provided in the rules and regulations of the association contains the following: ". . . if any person now or hereafter designated by me to receive the death benefit shall not be living at the time of my death, *or shall be incapacitated for executing the requisite receipt,* or if there shall be no such person, the death benefit shall be payable as provided in the Regulations of the Association for such event." [Italics supplied.] This provision sets forth the disposition that shall be made of the death benefit if the designated beneficiary is "incapacitated for executing the requisite receipt," but there is no attempt in this provision to define what shall constitute such incapacity. As there is no statute or general principle of law which disqualifies plaintiff, a divorced wife, as beneficiary, it is obvious that any provision of disqualification for this reason must be found, if at all, in the by-laws or rules and regulations of the association. We are unable to discover in this record any such limitation. We agree with the court below that plaintiff is entitled to recover as the named beneficiary, and that her right to the death benefit was not affected in this case by the decree in divorce.

The judgment of the court below is affirmed.