### WALLS v. CONNECTICUT GENERAL LIFE INS. CO.
### Civ. No. 226–48.

United States District Court
District of Columbia.
Feb. 15, 1949.

Alvin L. Newmyer, David G. Bress and Sheldon E. Bernstein, all of Washington, D. C., for plaintiff.

Spencer Gordon, William M. Aiken, and Eleanor Sessoms, all of Washington, D. C., for defendant.

PINE, District Judge.

This is a motion for summary judgment. The determinative facts are undisputed. Plaintiff is the beneficiary under a group life insurance policy issued by defendant. By it, defendant insured certain employees of the Pennsylvania Airlines & Transport Company, now Capital Airlines, Inc. Among those insured was plaintiff's daughter, Margaret A. Walls, who met her death in an airplane crash. Plaintiff has been paid $2,000 by defendant, but claims $10,000, under the following facts:

In 1935, the Airlines Company made application for this insurance. This application was "dated at Pittsburgh, Pennsylvania." Thereafter, the policy was issued "at the employer's address," which was Pittsburgh, Pennsylvania. The binding premium was paid there, and the policy was delivered there. Miss Walls was employed in 1944 as a hostess. She accepted the group insurance plan, and authorized deductions for it from her wages. Her coverage in the policy was $1,000, and the deductions were eighty cents a month. In 1945, pursuant to an amendment to the policy, "accepted at Washington, D. C.," her coverage was increased to $2,000, and her deductions were increased to $1.20 a month. Thereafter a certificate was issued [1] to her stating that "subject to the terms and conditions of policy No. G-6216 the employee named on page 4 of this certificate is insured thereunder for Ten Thousand Dollars ($10,000)." The certificate for this amount was issued by mistake, the insurer using an incorrect form. It was not discovered until after the death of Miss Walls, who had paid for protection in the amount of $2,000.

The question presented is whether the certificate issued to Miss Walls in the amount of $10,000 prevails over the conflicting provision as to amount in the policy.

As above set forth, the application was dated at Pittsburgh, Pennsylvania, the binding premium was paid there, the policy was issued there, delivery of the policy was made there, and the amendment giving an increased coverage to hostesses was accepted at Washington, D. C. It is therefore apparent that the laws of Pennsylvania govern the construction of this contract. The laws of Pennsylvania provide as follows:

"No policy of group life insurance shall be issued or delivered in this Commonwealth, unless and until a copy of the form thereof has been filed with the Insurance Commissioner and formally approved by him, nor shall such policy be so issued or delivered unless it contains in substance the following provisions: * * *

"(b) A provision that the policy, the application of the employer, and the individual applications, if any, of the employees insured, shall constitute the entire contract between the parties, * * *." [2]

---

[1] This was issued pursuant to the standard provisions for group life insurance policies: 40 Pa.Stat.Ann. § 532, par.

(d); D.C.Code 1940, Sec. 35—711, par. 4.

[2] 40 Pa.Stat.Ann. § 532, Act of May 17, 1921, P.L. 682, art. IV, § 416, as added

Sec. 35—711, D.C.Code 1940, is substantially identical.

In accordance with the foregoing statutory requirements, the policy in this case provided as follows: "This policy and the application of the Employer, copy of which is attached to and made a part of this policy, and the applications of the employees, if any, shall constitute the entire contract between the parties."

There was no application by Miss Walls or by any other employees.

By reason of these provisions that the policy and the applications shall constitute the entire contract, there appears to be no support for plaintiff's contention that the certificate issued to Miss Walls constitutes the contract, either in whole or in part, under which plaintiff's rights are to be determined. Moreover, the precise question has been set at rest by the Supreme Court in Boseman v. Connecticut General Life Insurance Company, 301 U.S. 196, 57 S.Ct. 686, 689, 81 L.Ed. 1036, 110 A. L.R. 732, which is dispositive of the motion made herein. In that case, Boseman sued to recover for permanent total disability under a group insurance policy. He had not complied with the provision of the policy requiring notice of claim. This provision was valid under the laws of Pennsylvania, where the policy had been issued, but was not valid under the laws of Texas, where the plaintiff brought suit. A certificate containing this provision and similar to the one here involved had been issued to Boseman. The Supreme Court, in holding that the law of Pennsylvania governed and that the certificate issued to Boseman was not the contract, used the following language: "2. Petitioner insists that the delivery of the certificate in Texas made the law of that state, article 5546 [Vernon's Ann.Civ.St.] applicable. But the certificate is not a part of the contract of, or necessary to, the insurance. It is not included among the documents declared 'to constitute the entire contract of insurance.' Petitioner was insured on the taking effect of the policy long before the issue of the certificate. It did not affect any of the terms of the policy. It was issued to the end that the insured employee should have the insurer's statement of specified facts in respect of protection to which he had become entitled under the policy. It served merely as evidence of the insurance of the employee. Petitioner's rights and respondent's liability would have been the same if the policy had not provided for issue of the certificate."

The case of John Hancock Mutual Life Insurance Company v. Dorman, 9 Cir., 108 F.2d 220, relied on by plaintiff, is in my opinion distinguishable from Boseman v. Connecticut General Life Insurance Company, supra, which is controlling upon me in the case at bar.

The motion for summary judgment will therefore be granted. Counsel will prepare appropriate judgment.

by Act of April 26, 1929, P.L. 785, § 1, as amended by Act of May 16, 1939, P. L. 144, § 3.