## FIRST NAT. BANK OF McKEESPORT, PA. v. GABLE et al.

### No. 8978.

United States District Court
W. D. Pennsylvania.

July 12, 1951.

Joseph B. Feldman, McKeesport, Pa., for plaintiff.

Kenneth Buffington, R. B. Tucker, Jr., both of Pittsburgh, Pa., for Grace Gable.

S. V. Albo, Pittsburgh, Pa., for Bettina DiSanto Clemente.

STEWART, District Judge.

The Metropolitan Life Insurance Company filed a statutory interpleader action to determine which of three claimants was entitled to the proceeds of Certificate No. 826 under Group Life Insurance Policy No. 2747–G, issued by them to Pete Clements, also known as Panfilo Clemente, in which Grace Clements was named as beneficiary. The three claimants are the First National

Bank of McKeesport, Pennsylvania, Bettina DiSanto Clemente and Grace Gable who was formerly Grace Clements and is the named beneficiary.

Upon petition by the insurer, the Court granted leave to it to pay the proceeds of the policy into the Registry of the Court. In addition, the Court discharged the insurer of all further liability under the policy and directed that an issue be framed between the parties here involved. Pleadings have now been filed by each of the parties.

The complaint on behalf of the First National Bank of McKeesport, Pennsylvania, avers that it was duly appointed the Administrator of the Estate of Pete Clements; that Pete Clements was the insured under the policy; and that Grace Gable was divorced from Pete Clements prior to his death. Proof of the claim of Bettina DiSanto Clemente that she is the lawful surviving wife of the insured is demanded. The Bank bases its claim on the theory that if neither of the other claimants is entitled to the proceeds, then the estate of the decedent is.

The complaint on behalf of Bettina DiSanto Clemente avers that she was married to Pete Clements in Italy; that the marriage was never dissolved prior to his death; that decedent's marriage with Grace Gable was bigamous and was dissolved by divorce prior to his death; and that therefore she is entitled to the proceeds as the lawful surviving wife of the decedent.

The answer of Grace Gable admits the averments of fact in the complaint of the First National Bank of McKeesport and in the complaint of Bettina DiSanto Clemente, except the averments that decedent's marriage to Grace Gable was bigamous and that Bettina DiSanto Clemente is the lawful surviving wife of the decedent.

Asserting that she is entitled to the proceeds as a matter of law based on the undisputed facts appearing in the pleadings, the defendant, Grace Gable, has now filed a motion for judgment on the pleadings.

■ It seems clear that the law of Pennsylvania will govern in this case. The policy was applied for, paid for and delivered in Pennsylvania. See Walls v. Connecticut General Life Insurance Co., D.C., 1949, 82 F.Supp. 421. Moreover, in considering similar group insurance policies issued by this same insurance company, the Pennsylvania courts have applied Pennsylvania law: Jones v. Metropolitan Life Insurance Co., 1944, 156 Pa.Super. 156, 39 A.2d 721; Ozanich v. Metropolitan Life Insurance Co., 1935, 119 Pa.Super. 52, 180 A. 67, 576.

Since Grace Clements, now Grace Gable, was the named beneficiary in the policy, she will be entitled to the proceeds of the policy if she is a proper beneficiary under the law of Pennsylvania and the provisions of the policy, and if she has not forfeited her right as such by divorcing the insured prior to his death.

An examination of the policy shows that there is no limitation or restriction in it with respect to the persons who may be designated as beneficiaries therein. Likewise, there is no provision of forfeiture for divorce. Hence, nothing in the policy would bar the right of Grace Gable to the proceeds.

Whether that right exists under the law of Pennsylvania is the remaining question. To determine this upon the record in this case requires the consideration of two problems. First, must a beneficiary have an insurable interest in the life of the insured; and second, what is the effect of a divorce on the beneficiary's right to receive the proceeds of the policy?

■ The law in Pennsylvania with respect to the first problem is in accordance with the well-established rule that a person may take out a policy on his own life and make it payable to whomsoever he pleases, irrespective of the beneficiary's lack of insurable interest. Equitable Life Insurance Co. of Iowa v. Cummings, 3 Cir., 1925, 4 F.2d 794; Peoples First National Bank & Trust Co. v. Christ, 1949, 361 Pa. 423, 65 A. 2d 393; Haberfeld v. Mayer, 1917, 256 Pa. 151, 100 A. 587; Garland v. Craven et al., 1944, 156 Pa.Super. 351, 41 A.2d 140; Stewart v. Shenandoah Life Insurance Co., 1941, 144 Pa.Super. 549, 20 A.2d 246. In Stewart v. Shenandoah Life Insurance Company, supra, it was held that the insured's para-

mour who was specifically named as beneficiary was entitled to the proceeds of the policy even though she was incorrectly described as his "wife".

Consequently, whether Grace Gable was or was not the legal wife of the insured at the time of her designation as beneficiary is immaterial and cannot affect her right to the proceeds of the policy.

With respect to the second problem, the law of Pennsylvania is likewise favorable to the named beneficiary. In Thomas v. Robinson, 1948, 162 Pa.Super. 454, 58 A.2d 200, the Court held that the named beneficiary was entitled to the proceeds of a life insurance policy even though she and the insured were subsequently divorced and he had remarried, stating that there is no statute or general principle of law which disqualifies a divorced wife as beneficiary.

Therefore, Grace Gable is entitled to the proceeds of the policy as the designated beneficiary.

The motion for judgment on the pleadings is granted.