## Ninno v. Prudential Insurance
## Company of America

*Preston Moritz,* for plaintiff.

*Richard F. Stevens,* for defendant.

*Gus Milides* and *Martin Cohen,* for claimant.

FRANCIOSA, J., June 22, 1970.—This litigation arises from a controversy over the proceeds of three life insurance policies. Plaintiff is the administrator of the insured's estate, and defendant, Prudential Insurance Company of America, issued the policies in question. Plaintiff requests that defendant insurer be enjoined from paying the proceeds of the policies to Enrico A. Termini, the named beneficiary in the three policies. In the way of a further prayer, plaintiff asks the court to direct Prudential to pay the proceeds to the Estate of Rose Termini, deceased.

Upon petition for interpleader, leave was granted to Prudential to pay the proceeds of the policy into court. In addition, the court discharged Prudential of all further liability under the policies and directed that an issue be framed between plaintiff, the administrator, and Enrico A. Termini, named beneficiary.

On March 11, 1970, the matter was before the court for hearing. At that time, the parties agreed to have

the matter disposed of under a stipulated set of facts. For this reason, no findings of fact will be made, and we rely on the following stipulation of facts:

"Rose N. Termini and Enrico A. Termini were married on April 21, 1950. At the time of their marriage, Rose owned two insurance policies (N 391 307 465, Plaintiff's Exhibit 1) and (N 391 108 591, Plaintiff's Exhibit 3). Both of these policies were applied for in 1939, and Rose's father, Pasqual Ninno, was named the primary beneficiary in both policies. One month after the marriage of Rose and Enrico Termini, the primary beneficiary of both policies was changed to 'Enrico A. Termini, Husband.' On May 12, 1952, Rose became the owner of an additional policy No. M 50 441 445 and 'Enrico A. Termini, Husband,' was named as the primary beneficiary (Plaintiff's Exhibit 2). In June 1966, on contemplation of a divorce, Enrico A. Termini and Rose N. Termini executed mutual releases, which releases were held in escrow by their respective attorneys until the divorce was final. A divorce decree was entered to No. 282, October Term, 1966, on July 25, 1966, and, thereafter, the releases were delivered to the respective parties. Subsequent to receiving the release, Rose N. Termini continued to pay the premiums on the aforesaid policies, but did not change the name of the beneficiary. Rose N. Termini died intestate on January 11, 1969, and on January 21, 1969, Joseph Ninno was duly appointed the Administrator of the Estate of Rose N. Termini. She had not remarried at the time of her death."

The general rule of law is that the mode prescribed by an insurance policy for a change of beneficiary must be strictly and exactly followed. Insurance companies usually prescribe the form, type of notice to be given and the method of filing the notice with the company. All of these prerequisites must be carried out in the manner directed by the policy: Sproat v.

Travelers Insurance Co., 289 Pa. 351 (1927); Shoe-maker v. Sun L. Ins. Co. of America, 101 Pa. Superior Ct. 278 (1930); Fornera's Estate, 139 Pa. Superior Ct. 252 (1940).

There is one exception to the above rule. The insured can be excused from the exact compliance with one of the requisites in the change of beneficiary process if it can be shown that he did everything in his power to make the change and had done everything under the circumstances reasonably possible to comply with the policy terms: Cody v. Metropolitan Life Insurance Company, 334 Pa. 137 (1939).

In the case at bar, Rose Termini had approximately two and one-half years within which to change beneficiaries.[1] No factor, mental or otherwise, is present which explains her failure to exercise her right to change the beneficiary after the divorce. The exception of substantial compliance, therefore, is not applicable to the facts of this case.

Plaintiff advances two theories to justify his contention that failure to comply with the formal policy requirements for changing beneficiaries is not determinative of the respective rights of the estate and Enrico Termini: (1) That a general release executed at the time of the divorce divested the rights of Enrico Termini as named beneficiary; (2) That the rights of Enrico Termini, as named beneficiary, were terminated by virtue of the Act of May 2, 1929, P. L. 1237, sec. 55, as amended by the Act of December 30, 1959, P. L. 2055, sec. 4, 23 PS §55.

The first theory appears to raise an issue of first impression in Pennsylvania. The briefs submitted on behalf of both parties make no reference to a Pennsylvania case interpreting whether a general release,

---

[1] The divorce was decreed on July 25, 1966, and Rose Termini died on or about January 11, 1969. In addition, during her lifetime she worked as a legal secretary.

executed during divorce proceedings, and releasing claims against a former spouse's estate, is sufficient to constitute a relinquishment of the rights to insurance proceeds as the named beneficiary. Our own search confirms the absence of Pennsylvania authority on this question.

When resort is had to the law of other jurisdictions, a very significant distinction further isolates the instant case. Here, plaintiff places reliance on a printed form of general release which is not incorporated within a separation agreement, and, moreover, makes no allocation of property rights existing at the time of the divorce.[2]

Where a release is ancillary to, or forms a part of, a separation agreement, there is a division of authority. In New Jersey, it is settled that a separation agreement which contains a mutual release of all claims against each spouse's estate does not divest the interest of either spouse as named beneficiary under policies of insurance. Under the New Jersey rule, divestment must be according to the terms of the policy: Gerhard v. Travelers Insurance Company, 107 N. J. Super. 414, 258 A. 2d 724 (1969); John Hancock Mutual Life Insurance Co. of Boston v. Heidrick, 135 N. J. Eq. 325, 38 A. 2d 442 (1944).

Coming to the opposite conclusion are cases following the California rule. They hold that the beneficiary

---

[2] The general release provides that Enrico A. Termini does hereby remise, release, and forever discharge Rose N. Termini, her heirs, executors and administrators, of and from all, and all manner of, actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity, especially which against the said Rose N. Termini he ever had, now has, or which his heirs, executors, administrators, successors or assigns, or any of them, hereafter can, shall or may have, for, or by reason of any cause, matter or thing whatsoever from the beginning of the world to the date of these presents.

may relinquish his or her rights by means of a property settlement agreement without there being a change of beneficiary executed in accordance with the terms of the policy: Shaw v. Board of Administration, 109 Cal. App. 2d 770, 241 P. 2d 635 (1952); Sullivan v. Union Oil Co., 16 Cal. 2d 229, 105 P. 2d 922 (1940).

Even the California rule, however, imposes the requirement that the general release must be incorporated as part of a separation agreement, and it must clearly appear from the separation agreement that, in addition to the segregation of the property of the spouses, it was intended to deprive either spouse of the right to take under an insurance contract of the other: Prudential Insurance Co. of America v. Broadhurst, 157 Cal. App. 2d 375, 321 P. 2d 75 (1958); Jenkins v. Jenkins, 112 Cal. App. 402, 297 Pac. 56 (1931).

This distinguishing factor is equally applicable to the cases cited by plaintiff. In his brief, plaintiff refers to O'Brien v. Elder, 250 F. 2d 275 (1958), as being "on all fours with the case at bar." We cannot agree with his conclusion. In O'Brien, the release was included as paragraph 7 of a separation agreement which contained specific provisions dealing with the allocation of property.[3] Likewise, in Western and So.

---

[3] "It is hereby stipulated and agreed by and between the parties hereto that in the event a final decree of divorce is entered in the above styled cause, that the same may contain the following provisions:

"1. That the defendant shall pay to the plaintiff the Sum of Twenty Thousand ($20,000.00) Dollars in the following manner, to-wit: Eight Thousand ($8,000.00) Dollars at the time of the entry of the final decree; Two Thousand ($2,000.00) Dollars on January 5, 1956, and Ten Thousand ($10,000.00) Dollars on May 5, 1956.

"2. That upon the payment of the entire said Twenty Thousand ($20,000.00) Dollars, the plaintiff shall convey to the defendant, all of her right, title and interest in and to any real property

Life Ins. Co. v. Hague, 140 N. E. 2d 89 (C. P. Ohio, 1956), the release was incorporated in paragraph 9 of a separation agreement.

Similarly, the decision in Luff v. Luff, 359 F. 2d 235 (1966), is totally inapplicable in the instant case. There, the general release was again a provision of a separation agreement, and, furthermore, the court was considering its effect as a revocation of a will. In our view, the doctrine of implied revocation is a principle of law peculiarly applicable to the construction of wills. It is permissible by reason of a court's right to ascertain the intent of a testator, and, as such, cannot be equated to the functions of a court in determining rights under a contract of insurance.

In our opinion, the general release signed by Enrico Termini did not affect his continuing right as named beneficiary to the insurance proceeds. The release was not under a separation agreement, and makes no mention of any specific property or rights it was intended to cover. Standing alone, it constitutes nothing more than a release of all claims against Rose Termini or her estate. The claim of Enrico Termini under the policies is neither against Rose Termini nor her

jointly owned by the parties hereto.

"3. That the defendant shall transfer to the plaintiff the title to the 1949 Packard Sedan automobile now in his name.

"4. That the defendant shall retain all monies in the joint special checking account of the parties in the First National Bank of Miami, together with the safety deposit box in said bank.

"5. That all stocks, bonds, deposits and other intangibles in the individual names of the parties hereto shall be retained by said party.

"6. That the nursery stock located at the home of the parties hereto, shall become the sole property of the defendant.

"7. That upon the performance of all of the conditions contained in this stipulation, neither party hereto shall have any claim on the other party of any kind whatsoever, including that for alimony."

estate, but is against the insurance company. For this reason, the release in Estate of Zambone, 34 Northamp. 16 (1954), does not invite comparison to that in the instant case. There, the claim was against the estate and came within the very purpose for which the release was executed.

The second theory advanced by plaintiff is also without merit. Although the Act of May 2, 1929, P. L. 1237, 23 PS §55, supra, was amended in 1959, it continues to refer to "property rights which are dependent upon such marital relation, . . ." The amendment, therefore, did not change the law of Pennsylvania as established in Thomas v. Robinson, 162 Pa. Superior Ct. 454 (1948), which held there is no statute or general principle of law which disqualifies a divorced spouse as beneficiary. This holding was followed by the Federal District Court in First Nat. Bank of McKeesport, Pa. v. Gable, 98 F. Supp. 632 (1951). The District Court, in applying Pennsylvania law, found that rights as a named beneficiary arise from the contract of insurance, and are not dependent upon the marital relationship.

We find no support for plaintiff's suggestion that the Kentucky code is comparable to the Pennsylvania statute. On the contrary, Kentucky cases are regarded as a body of law unto themselves because they are influenced by a statutory provision requiring restoration of property upon divorce.[4]

---

[4] Section 425 of the Civil Code of Practice and 2121, Kentucky Statutes (now KRS 403.060), both of which provide that upon a judgment of divorce there shall be a restoration of all property either party obtained from the other. There is no comparable language in the Pennsylvania statute, 23 PS §55, as amended, supra.

Accordingly, we arrive at the following

## CONCLUSIONS OF LAW

1. The general release executed by Enrico A. Termini and in favor of Rose Termini, dated June, 1966, did not divest Enrico Termini of his interest as named beneficiary under policies of insurance numbered 391 307 465, M 50 441 455 and 391 108 591.

2. That the rights of Enrico A. Termini as beneficiary under the aforesaid insurance policies were not terminated by virtue of the provisions of the Act of May 2, 1929, P. L. 1237, sec. 55, as amended, 23 PS §55.

## DECREE NISI

And now, June 22, 1970, it is ordered and decreed as follows:

1. Plaintiff's prayers for relief are denied and the complaint in equity is dismissed and a decree nisi entered for defendant.

2. The sum of $1,608.44 paid into court under petition for interpleader filed by defendant, Prudential Insurance Company of America, shall be paid to Enrico A. Termini as named beneficiary under policies of insurance numbered 391 307 465, M 50 441 455 and 391 108 591.

That the costs of this action are to be paid by plaintiff.

The clerk of court is directed to enter this decree nisi and to give prompt notice of the same to the parties. If no exceptions are filed within 20 days, this decree shall be entered by her as a final decree.