**METROPOLITAN LIFE INSURANCE COMPANY**

v.

**Debra R. McCALL, Tricia A. McCall and Julia McCall.**

**Civ. A. No. 80–86 ERIE.**

United States District Court,
W. D. Pennsylvania.

March 6, 1981.

---

MacDonald, Illig, Jones & Britton, Erie, Pa., for plaintiff.

Henry Ray Pope, III, Clarion, Pa., for defendant Debra McCall.

Gent, Daniels, Thompson & Gent, Franklin, Pa., for defendant Julia McCall.

## OPINION

WEBER, Chief Judge.

■ This is an interpleader action brought by a New York corporation to determine the rights of two Pennsylvania residents to insurance proceeds under a policy issued by it.[1] In its complaint the Plaintiff, Metropolitan Life Insurance Company, acknowledges that it is liable for the payment of some $28,778.43 in life insurance benefits owed under a policy it issued to Mr. Dennis D. McCall. In fact, Metropolitan has already deposited these proceeds in the Registry of the Clerk of Court. Accordingly, all that Metropolitan is asking this court to do is determine to whom these benefits, which it admittedly owes, should be paid.

There are two rival claimants for these proceeds. The first claimant is Debra R. McCall. She is the former wife of the decedent, their marriage having been terminated by divorce some fourteen months prior to Mr. McCall's death. The second claimant is Tricia A. McCall, the decedent's

---

1. In the Plaintiff's complaint and all other pleadings associated with this case the parties have asserted jurisdiction under 8 U.S.C. § 1332. Jurisdiction does not lie in this case by virtue of that section. Rather jurisdiction over this interpleader action arises under 28 U.S.C. § 1335. Moreover, under 28 U.S.C. § 1335 the fact that the rival claimants are citizens of the same state does not destroy diversity or divest this court of jurisdiction. *See, State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967).

daughter. Inasmuch as Tricia McCall is a minor her interest in the outcome of this law suit is being advanced by Julia McCall, the decedent's mother. The matter has been fully briefed by the parties and, since there appear to be no unresolved material issues of fact, is now ripe for resolution on Defendant Debra R. McCall's motion for summary judgment. See F.R.Civ.P. 56.

The facts relevant to our determination of this matter are as follows: Dennis and Debra McCall were married on June 16, 1971. They had one child; a daughter named Tricia. On August 10, 1972, Metropolitan Life issued a life insurance policy to Dennis McCall. Under the terms of this policy "the amount payable if the Insured dies will be paid to the Insured Wife, if living when the Insured dies...." The term "Insured Wife" in turn was defined under the policy as "the Insured's Wife who is named in the application for this policy." On the insurance application accompanying this policy Debra R. McCall was listed as the insured's wife. On or about January 9, 1979, Debra R. McCall obtained a divorce from Dennis McCall. Following their divorce Debra and Dennis McCall entered into two post nuptial property settlements. Neither of these agreements discussed Debra McCall's right to proceeds under the life insurance policy held by Mr. McCall. Moreover, no notice of change of beneficiary under this policy was ever filed with Metropolitan Life by McCall. Under the terms of the policy such notice was required to change beneficiaries.

Fourteen months later on March 2, 1980, Dennis McCall died in an automobile accident.

■ In interpleader actions governed by 28 U.S.C. § 1335 Federal Courts are bound by state law in determining the rights of rival claimants to a given fund. *E. g. Continental Assurance Co. v. Platke*, 295 F.2d 571 (7th Cir. 1961); *Davis v. Aetna Life Insurance Co.*, 279 F.2d 304 (10th Cir. 1960); *Aetna Life Insurance Co. v. Messier*, 173 F.Supp. 90 (E.D.Pa.1959). In this case the insurance policy was contracted and delivered in Pennsylvania to a Pennsylvania resident. The competing claimants for the insurance policy are residents of Pennsylvania; and this court sits in Pennsylvania. Accordingly, Pennsylvania law will govern in determining the rights of the parties to these insurance proceeds.

■ Applying Pennsylvania law we conclude that a spouse who is a named beneficiary on a life insurance policy is generally entitled to the proceeds of that policy. This rule applies even if that person's marital relationship with the insured has previously been terminated by divorce. *See, First National Bank of McKeesport, Pa. v. Gable*, 98 F.Supp. 632 (W.D.Pa.1951); *see also, Thomas v. Robinson*, 162 Pa.Super. 454, 58 A.2d 200 (1948). Moreover Pennsylvania cases have held that neither a general post nuptial release nor a specific relinquishment of ownership of an insurance policy cuts off the divorced spouse's right to proceeds under that policy. *See, Ninno v. Prudential Insurance Co. of America*, 50 Pa.D & C 2nd 102 (1970); *Lincoln National Life Insurance Co. v. Blight*, 399 F.Supp. 513 (E.D.Pa.1975), aff'd. 538 F.2d 319 (3d Cir. 1976).

■ In this case the insurance policy issued to Dennis McCall indicated that the insured's wife, as designated on the insurance application, was the primary beneficiary under the policy. On Mr. McCall's insurance application, Debra R. McCall was designated as the insured's wife. Moreover, Mr. McCall took no steps to change the beneficiary under this policy following his divorce, despite the explicit provision of the policy requiring notice of any change of beneficiary. Given these facts, we conclude that, under Pennsylvania law, Debra McCall remained the beneficiary under this insurance policy and is entitled to the proceeds of that policy.

■ The fact that Dennis and Debra McCall executed general post nuptial property settlements does not, in our view, alter this conclusion. These agreements do not explicitly address Debra McCall's right to benefits under Mr. McCall's insurance policy. Accordingly they cannot be construed as cutting off any rights that Debra McCall

had as the named beneficiary under this policy. *See, Ninno v. Prudential Insurance Co. of America*, supra; *Lincoln National Life Insurance Co. v. Blight*, supra.

Nor are we persuaded by the arguments raised by defendant Julia McCall in her response to this motion for summary judgment. In her response to this motion, Julia McCall contends that Debra was not clearly named as the beneficiary under this policy. She further argues that Dennis McCall would have understood the policy to include Debra as beneficiary only as long as she was his wife.

We disagree. The policy in question clearly indicates that the individual designated as insured's wife in the insurance application is the primary beneficiary. That individual was Debra McCall. The policy also clearly states that the name of any beneficiary can be changed only by filing notice of such a change with the insurance company.

These provisions gave Mr. McCall notice of the fact that Debra McCall was the named beneficiary under this policy. It also notified McCall that this beneficiary designation could only be changed by filing notice of this change with the company. Mr. McCall, and the parties to this litigation, must be bound by these unambiguous provisions of the insurance policy. *See, Daburlos v. Commercial Insurance Co. of Newark, N. J.*, 521 F.2d 18 (3d Cir. 1975); *International Derrick & Equipment Co. v. Buxbaum*, 240 F.2d 536 (3d Cir. 1957). Accordingly we conclude that the language of the policy itself refutes the arguments raised by defendant Julia McCall in her response to this motion for summary judgment.

Therefore we feel that defendant Debra McCall's motion for summary judgment must be granted.